WILLIAMS *v.* VAIL.

## Lewis Williams and Others v. Israel Vail.

Where plaintiff in replevin is nonsuited, the defendant, if he waive a return of the property, is entitled to a judgment for its full value. And in an action upon the replevin bond afterwards, the measure of damages is the amount of the judgment, and the obligors can not show in mitigation of damages that the defendant in replevin was but a part owner of the property.

After judgment for the defendant in replevin, an execution was issued, *in form* in assumpsit, and purporting to be in favor of a plaintiff. It was not amended, but after return unsatisfied, the replevin bond was sued. It was *held* that this execution could not be considered as in any proper sense an execution upon the judgment in replevin; consequently no liability upon the replevin bond was created by its return unsatisfied.

*Heard January* 15*th. Decided April* 11*th.*

Error to Cass Circuit. The case is sufficiently stated in the opinion.

*J. Sullivan* and *J. B. Clarke*, for plaintiffs' in error, contended that the variance between the judgment in the replevin suit and the execution issued was fatal to the action: — 2 *Conn.* 462; 8 *Ired.* 211. Also that as plaintiff in that suit was nonsuited, and the title of the property did not come in question, it was competent to show in mitigation of damages that the defendant was not the sole owner of the property: — 7 *Blackf.* 298; 13 *Ill.* 619.

*F. Muzzy, contra*, argued that the execution might be amended: — 9 *Mass.* 217; 10 *Mass.* 221; 1 *Burr. Pr.* 219, *and cases cited.* The damages are governed by statute: *Comp. L.* § 5044; and the evidence of title was properly excluded: — 20 *Me.* 83; 6 *Blackf.* 56; 7 *Blackf.* 129.

CAMPBELL J.:

Vail recovered a judgment below, against Williams, as principal, and Beckwith and Kingsbury, as sureties on a replevin bond — Williams having become nonsuit in the original replevin suit, and Vail having recovered a judgment for the value of the property with the costs of his defense.

The errors assigned cover two points: *First*, the ruling of the court below, whereby the right of action was maintained on the return of the execution referred to in the record: *Second*, the refusal of the court to permit evidence to show that Vail was but a part-owner of the property replevied, for the purpose of reducing damages.

We think that the court rightly excluded the evidence of the want of title in Vail. The statute allows the defendant in a replevin suit, when the plaintiff becomes nonsuit, if entitled to a return of the property to waive it, and have a judgment for the value. And in a suit on the bond the measure of damages is the amount recovered in such action of replevin, and remaining uncollected: *Comp· L.* § 5044. Where the statute provides the exact measure of damages there is no authority to reduce it. See *Dorr v. Clark*, 7 *Mich.* 310.

But we think the court erred in the view taken of the execution and the liability of the parties upon the bond under it. The obligation of the bond, as regulated by the statute, creates no liability until an execution issued in favor of the defendant in the action shall be returned unsatisfied in whole or in part: — *Comp. L.* § 5043. This of course means an execution which in law is such as could properly be issued on the judgment. The judgment was in favor of a defendant in replevin, and appears—as the law requires—to be for the value of the goods replevied, as assessed by the court, together with the costs of his defense. The execution is not an execution in replevin at all, but an execution for damages in assumpsit, which is an entirely different form of action. Not only is this so, but it is a plaintiff's and not a defendant's execution, and therefore in no sense corresponds with the judgment. It was not amended while in the sheriff's hands, or before action brought, and does not so correspond with the replevin proceedings that any court could properly read them together as part of the same record. It was. not in any proper sense an execution upon that judgment.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.