[But see *Lumbard vs. Zimmerman*, 1 *Mich. Nisi Prius*, 313.— *Ed. Nisi Prius.*]

---

## CALEB EATON vs. WILLIAM CAMPBELL, et. al.

After judgment for the defendant in replevin, an execution was issued in form of a plaintiff's execution in assumpsit. After return unsatisfied, this suit was brought on the replevin bond. *Held*, on the trial, that the execution so issued could not be received in evidence, it not being an execution in the replevin suit.

The plaintiff thereupon submitted to a voluntary non-suit, with leave to move to set the same aside.

On motion to set aside the non-suit and for leave to amend such execution, *Held*, that the defendants could only be made liable on the bond by the return unsatisfied of an execution in the replevin suit, and that the amendment asked for ought not to be allowed for the purpose of *creating a liability not already incurred*.

*Washtenaw Circuit, December,* 1870

*H. J. Beakes* and *C. Joslin*, for Plaintiff.

*Norris & Uhl*, for Defendants.

*By the Court*, HIGBY, J.—A suit was commenced in this Court by writ of replevin in favor of the defendant, James Pearson, Jr., *vs.* Caleb Eaton, the present plaintiff. The defendants, William L. Yost and William Campbell, became sureties of Pearson in the replevin bond.

EATON v. CAMPBELL, *et. al.*

Judgment was rendered in that suit in favor of Eaton, the defendant therein, for the value of the property replevied and the costs of suit, and an execution was issued in favor of Eaton against Pearson, in the form of an execution in favor of a *plaintiff in assumpsit*, and returned unsatisfied.

This suit is against the plaintiff and his sureties on the replevin bond.

On the trial of the case the execution in form in assumpsit, as above, was offered in evidence, with the return of the officer, unsatisfied. It was objected that it was no execution in the replevin suit, and the objection was sustained. Thereupon the plaintiff submitted to a non-suit, with leave to move to set it aside.

A motion is now made to set aside the non-suit, and for leave to amend the execution so as to make it in form an execution for defendant in replevin.

The statute, *C. L.*, § 5043, provides that if an execution in favor of the defendant in the action of replevin shall be returned unsatisfied, in whole or in part, such defendant or his representatives may have an action upon the bond &c. In order to make the obligors in the bond liable, it is necessary that an execution upon the judgment in replevin shall be returned unsatisfied in whole or in part.

The Supreme Court in the case of *Williams vs. Vail,* 9 *Mich.*, 162, decided in a case precisely like this, that the execution in form in assumpsit, was not an execution in the replevin suit, and that it was error in the court below to admit it in evidence. The Court say " it was not in any proper sense an execution upon that judgment.'

If this is correct it follows that no execution formal or informal, has been issued in the replevin suit, and there is none to amend.

The *effect* of the motion then is not to amend, but to create an execution in the replevin suit, and apply to it the Sheriff's return upon the execution in assumpsit.

Courts have been and should be liberal in granting amendments as between the parties to a suit. In this case if the execution issued had been levied on Pearson's property, and an application to amend had been made, so as to protect the levy, or even after sale to protect the title of a purchaser, I think it probable the amendment should have been allowed. At any rate it would have presented a much stronger case.

The application in such case would be to protect the title of purchasers under the process of the Court, no injury to the parties resulting. This application is for the purpose of making persons not parties to the suit liable to an action—to create a liability not already established by law.

By the law they are not liable to an action on the bond until an execution shall be issued *in that suit* and returned unsatisfied. No such execution has been issued. These defendants were not liable when this suit was commenced and are not now liable. Can they be made so by an amendment of the execution in assumpsit so as to make it read as though it had been issued in the replevin suit. It seems to me not. It would be an abuse of the power of allowing amendments.

I must therefore overrule these motions with costs.