ENGLISH ET AL. *v.* BEARD.

LIQUOR LAW.—*Act of 1873.*—*Parties.*—Under the twelfth section of the liquor law of 1873, providing that "every husband, wife, child, parent, guardian, employer, *or other person* who shall be injured in person or property, or means of support, by any intoxicated person," etc., "shall have a right of action in his or her name, severally or jointly, against any person or persons who shall, by selling," etc., "intoxicating liquors, have caused the intoxication, in whole or in part, of such person, and any person or persons owning, renting, leasing or permitting the occupation of any building or premises," etc., "shall be liable jointly with the person selling," etc., "to any person or persons injured," etc., an action for damages might be maintained, by a person prevented from following his usual occupation by being struck, beaten and wounded by an intoxicated person, against the seller of the liquor by which the intoxication was produced and the owner of the premises in which it was sold, and it was not necessary to make said intoxicated person a party defendant.

From the Decatur Circuit Court.

*C. & J. K. Ewing* and *J. S. Scobey,* for appellants.

*J. D. Miller,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellants. The complaint is predicated on the twelfth section of the act of February 27th, 1873, to regulate the sale of intoxicating liquors, etc. Acts of 1873, p. 151. The substantial facts of the complaint are these: that the defendant Thomas J. English was the owner of part of a lot, with a building thereon, in Greensburgh; that James C. English occupied and used the same as a place for the sale of intoxicating liquors, with the knowledge and consent of Thomas J. English; that James C. English sold intoxicating liquors to one Henry Hickman, who became intoxicated thereon, in whole or in part; and that while in that condition he struck, beat and wounded the plaintiff, from which he suffered greatly, and by which he was prevented from pursuing his usual avocation for a considerable time. The complaint is in three paragraphs, but we do not deem it necessary to notice them separately.

The paragraphs of the complaint were adjudged good on

demurrer thereto. The answer was a general denial. There was a trial by jury, and a verdict for the plaintiff. A motion of the defendants for a new trial was overruled, and there was final judgment for the plaintiff for the amount of the verdict and costs.

The errors assigned are the overruling of the demurrer to the complaint, and the refusal to grant a new trial.

The first objection to the complaint is, that section twelve does not give a right of action to the person who is incapacitated for labor direct, but only to those who occupy collateral relations to the party injured, of whom the labor is expected; and that he who receives the injury direct must look to his ordinary remedy against the person inflicting the injury. It is urged that the words " or other person," used in that section, must be construed to mean or other person occupying the collateral relation, for whom a remedy is given by sections eight and twelve. The language of section twelve is: "In addition to the remedy and right of action provided for in section eight of this act, every husband, wife, child, parent, guardian, employer, or other person who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action," etc. We are of the opinion that the language of the act embraces the case under consideration.

The other objection to the complaint is, that Hickman should have been united as a defendant with the persons sued, and this was one of the grounds of the demurrer. To proceed with the quotation of the section, the language is: "Shall have a right of action in his or her name, severally or jointly, against any person or persons who shall, by selling," etc., "and any person or persons owning, renting, leasing or permitting the occupation of any building or premises," etc., "shall be liable jointly with the person selling," etc., "to any person or persons injured, for all damages," etc. Here, again, we think the language of the act is too plain to admit of doubt.

Under the other assignment, the sufficiency of the evidence is questioned. We have carefully read it, and have come to the conclusion that we cannot disturb the judgment. No useful purpose would. be subserved by setting it out, in view of the fulfilled prediction of counsel that the law would not long remain upon the statute book.

The judgment is affirmed, with costs.

Petition for a rehearing overruled, PETTIT and WORDEN, JJ., dissenting.