JAMES FLOWER v. CHARLES J. WITKOVSKY.

*Intoxicating liqu*d*rs—Right of action in favor of one injured by intoxicated person—Declaration—Contributory negligence—Sale to minor—Constitutional law—Title of act.*

1. Under the statute giving a right of action to " every wife, child, parent, guardian, husband, *or other person,*" injured by an intoxicated person, the words " *or other person* " were intended to cover *all* persons so injured.

2. The law prohibits the sale of liquor to a minor, without reference to the wishes of his parents ; and proof of his emancipation, or of the wish of the parents that such sale should be made, is no defense in a suit by a stranger to recover damages for injuries sustained by reason of the intoxication of such minor.

3. Under a declaration averring the sale of " spirituous and intoxicating liquors, to wit, *whisky,*" to a minor, the plaintiff is not confined in his proofs to that particular intoxicant.

4. The title to Act No. 259, Laws of 1881, "to provide a remedy against persons selling liquor to husbands or children in certain cases," is not open to objection as embracing more than one object, and the word " children" in said title includes *all* minors.

5. Turning to the right of a highway, by a driver, to avoid a collision with an approaching team driven in a reckless manner, is not contributory negligence on the part of the driver, even though such collision might not have occurred had he not thus turned.

Error to Tuscola. (Beach, J.) Argued April 6, 1888. Decided April 13, 1888.

Case. Defendant brings error. Affirmed. The facts are in the opinion.

*W. C. Buchanan* and *G. W. Davis,* for appellant.

*Black, Gray & Corcoran* (*Black, Moran, Wilkinson & Gray,* of counsel), for plaintiff.

MORSE, J. The plaintiff sues under section 2, Act No. 259,

Laws of 1881, as amended by section 16, Act No. 191, Laws of 1883. The declaration contains three counts.

The first count charges in short that the defendant, on the ninth day of November, 1885, in the county of Tuscola, not being then and there a druggist, unlawfully and against the statute sold, furnished, and delivered to one Gideon Dickinson, Jr., a minor, whisky, which said Dickinson drank, and thereby became intoxicated; and that upon said day, while so intoxicated, he, said Dickinson, drove a horse, attached to a buggy, upon a public street in the village of Caro, in said county, and by reason of such intoxication, wrongfully, and with great force and violence, did drive said horse and vehicle upon and against the horse and buggy of the said plaintiff, and drove one of the thills of said vehicle into the body of the plaintiff's horse, 18 inches, whereby the said horse was then and there killed; and also broke one of the wheels and the cross-bar of the plaintiff's buggy. The plaintiff also averred that his horse and buggy were lawfully in the said public street, and in charge of a competent driver, and that the injury complained of was committed by the negligence of said Dickinson, and without the fault of the said plaintiff, or his agent, the driver of his horse. He claimed an action had accrued under the statute, and laid his damages at $500.

The second count followed the first, with the exception that it charged the sale of the whisky to James W. Callen, a minor, and that he was driving the horse which occasioned the damage.

The third count differed from the others in averring the sale of the liquor to both Callen and Dickinson, and that they were both driving at the time of the injury to plaintiff's property.

The plaintiff, in the circuit court for the county of Tuscola, before a jury, recovered a judgment against the defendant in the sum of $112.

The objections to the validity of this judgment are all

directed against the instructions of the court to the jury, and to his refusal to charge as requested by the counsel for the defendant.

At the close of the evidence, the counsel for plaintiff admitted that the plaintiff did not, at the time of the collision, or of the selling of the liquor by defendant to Dickinson or Callen, sustain to either of them the relation of parent, child, husband or wife, guardian, employer, or employé, or any similar relation whatsoever; and thereupon the defendant's counsel, upon such admission, based a request that the court should direct a verdict for the defendant, which request was refused.

It is argued that the statute does not contemplate an action by any other person than one holding a relationship of the same general character, sort, or kind as those specifically mentioned in the statute as the persons to whom a right of action is given; and that the plaintiff cannot be regarded as holding any such relationship.

The statute provides that—

"Every wife, child, parent, guardian, husband, or other person who shall be injured in person or property, or means of support, by any intoxicated person, or by reason of the intoxication of any person, or by reason of the selling, giving, or furnishing any spirituous, intoxicating, fermented, or malt liquors to any person, shall have a right of action in his or her own name against any person or persons who shall, by selling or giving any intoxicating or malt liquor, have caused or contributed  *   *   *   to such injury," etc.

I have hear given so much of the statute as bears upon the case in hand.

The words " or other person" seem to have been intended by the Legislature to cover all persons injured in person or property by intoxicated persons. In *Brooks v. Cook*, 44 Mich. 617 (7 N. W. Rep. 216), it was held that this statute did not give a right of action to a person injured by his own intoxication, and good reason is there given for such holding. It

is intimated, however, on page 619, that a traveler, injured by an intoxicated person passing him on the street, would have an action under the statute against the person selling or giving the liquor to such intoxicated person. In *English v. Beard*, 51 Ind. 489, under a similar statute to ours, such right of action is given to one beaten and wounded by an intoxicated person. We have no doubt of the intention of the Legislature to cover just such a case as the one at bar.

It is also objected that the court instructed the jury that—

"Under this law a recovery may be had whether the persons doing such injury, and to whom such liquor was furnished, were or were not of full age or minority."

It is not necessary here to determine whether, under the act, one who sells or gives liquor to another *lawfully* would be liable for the results of the intoxication of the person to whom such liquor was legally sold or given.[1] There can be no dispute, under the proofs in this case, but that Dickinson was of the age of 18 and Callen 16. Two drinks and a pint bottle of whisky or peach brandy were sold them. They were intoxicated from drinking the liquor, and, while so intoxicated, negligently ran into and injured plaintiff's property. It makes no difference that Dickinson had been emancipated by his father, or that his father had told saloon keepers to let him have all the liquor he wanted. The law prohibits the selling of liquor to minors, without reference to the wishes of their parents.

There was no harm done in this direction by the court, as there was no evidence to dispute the evidence of Callen that he was but 16, or the testimony of Dickinson's father that his son was not yet 19. Nor does it make any difference whether the liquor furnished them was whisky or peach brandy. The naming of whisky in the declaration did not confine the plaintiff to that particular kind of intoxicant.

It is also further contended that so much of the act found

---

[1] See *Bell v. Zelmer*, 75 Mich. 66.

in section 16 as gives a right of action for the sale of liquors to any other persons than husbands and children is unconstitutional because it is not embraced within the title of the act, the title in reference to the right of action reading as follows:

" To provide a remedy against persons selling liquor to husbands or children in certain cases."

We are of the opinion that the word "children" includes all minors, and therefore the constitutional objection in this respect is not tenable in this case. Nor do we think that the title of the act can be fairly said to embrace more than one object. The main purpose of the act is to regulate and prohibit the sale of liquors, to provide when it shall be lawful and when it shall be unlawful, and what remedies may be resorted to in cases of unlawful selling and injuries resulting from such unlawful sales.

These things all belong to one primary object, which is the distinguishing of lawful from unlawful sales under the law, and providing penalties and remedies against unlawful sales, and the natural consequences resulting therefrom.

It is claimed that the court erred in not submitting to the jury the question of contributory negligence on the part of the drivers of plaintiff's horse. We find in the evidence no warrant for such submission. The plaintiff's horse and buggy were lawfully in the highway. It was a very dark night, so that a team or vehicle could not be easily seen. Callen and Dickinson were drunk, and driving at a very rapid gait. Callen swears that he saw neither the horse and buggy of plaintiff, nor any light, and heard nothing until the collision occurred. Plaintiff's horse was being driven by Alden Dryer, a lad of 15. His sister, 20 years old, was with him, and held a lighted lantern in her hand. The boy heard a buggy coming at full speed, and turned as far as he could upon the right side of the road, and his sister held the lantern up, and swung it upon the left side of the buggy.

These are the facts beyond any dispute. It is claimed by defendant's counsel that if Dryer had stayed where he was in the road, when he first heard the other buggy coming, there would have been no collision, and consequently his own act of turning to the right contributed to and caused the injury.

But this turning was not negligence. Dryer took the side of the road which belonged to him, as an ordinarily prudent man would have done under like circumstances, and used every possible precaution to avoid collision. He is not guilty of negligence though it turn out that if he had not thus turned there would have been no injury.

The proximate and controlling cause of this injury was, under the proofs, beyond all question, the drunkenness of Callen and Dickinson, caused by liquor unlawfully sold to them, or one of them, by the defendant. He must suffer the natural consequences of his unlawful act.

The judgment of the court below is affirmed, with costs.

CHAMPLIN and LONG, JJ., concurred. SHERWOOD, C. J., did not sit.