THE PEOPLE, FOR THE USE OF JOHN CLINTON, V. BENJAMIN H. LANING ET AL.

[See 61 Mich. 355; 44 N. W. Rep. 790.]

*Liquor traffic—Bond of dealer—Defective justification—Liability of surety—Civil damage act—Constitutional law.*

1. The neglect of the sureties to annex the statutory affidavits to a liquor-dealer's bond will not relieve them from liability.

2. The acceptance by the common council of a liquor-dealer's bond, unaccompanied by the statutory affidavits of the sureties, may render them liable for neglect of duty, but such neglect will not invalidate the bond.

3. The case of *Flower v. Witkovsky*, 69 Mich. 371, in so far as it affirms the constitutionality of Act No. 259, Laws of 1881, as amended by Act. No. 191, Laws of 1883, is approved.

4. In a suit against the sureties upon a liquor-dealer's bond to recover the amount of a judgment for damages recovered against the principal, the sureties cannot retry the original suit upon the merits. They can only show that the judgment was not rendered by a court of competent jurisdiction, or that it is void for fraud or collusion.

Error to Genesee. (Newton, J.) Argued October 11, 1888. Decided January 18, 1889.

Case. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Clarence Tinker,* for appellants.

*Geer & Williams,* for plaintiff.

[The points of counsel are stated in the opinion.—REPORTER.]

CHAMPLIN, J. On April 29, 1884, Benjamin H. Laning and Isaiah C. Laning, who were hotel-keepers in

Fenton, Genesee county, desiring to obtain the right to engage in the business of retail liquor dealers, presented to the common council of the village of Fenton their bond for approval, with Burdick Potter and D. F. Rice as sureties. This bond was approved by the common council of the village on May 9, 1884, and, with the justification of the sureties attached thereto, reads as follows:

"*Know all men by these presents*, that we, Benjamin H. Laning and Isaiah C. Laning, of Fenton, as principals, and Burdick Potter and D. F. Rice as sureties, are held and firmly bound unto the people of the State of Michigan, in the sum of $6,000, to the payment whereof, well and truly to be made, we bind ourselves, our heirs, executors, and administrators, firmly by these presents.

"Sealed with our seals, and dated April 29, A. D. 1884.

"*Whereas*, the above-named principals profess to carry on the business of retail liquor dealers at Fenton, in the county of Genesee; and,

"*Whereas*, the said principals have covenanted and agreed, and do hereby covenant and agree, as follows, to wit: That we will not, directly or indirectly, by ourselves, clerk, agent, or servant, at any time, sell, furnish, give, or deliver any spirituous, malt, brewed, fermented, or vinous liquor, or any mixed liquor, a part of which is spirituous, malt, brewed, fermented, or vinous, to a minor, nor to any adult person whatever who is at the time intoxicated, nor to any person in the habit of getting intoxicated, nor to any Indian, or any person of Indian descent, nor to any person whose husband, wife, parent, child, guardian, or employer shall forbid the same, and that we will pay all damages, actual and exemplary, that may be adjudged to any person for injuries inflicted upon them, either in person or property, or means of support, by reason of our selling, furnishing, giving, or delivering any such liquors.

"Now, the condition of this obligation is such that if said principals shall well and truly keep and perform all and singular the foregoing covenants and agreements, and shall pay any judgment for actual or exemplary damages which may be recovered against them in any court of com-

petent jurisdiction, then this obligation shall be void and of no effect, otherwise the same shall be in full force and effect.

"Benjamin H. Laning.       [L. s.]
"Isaiah C. Laning.         [L. s.]
"Burdick Potter.           [L. s.]
"D. F. Rice.               [L. s.]

"Signed and sealed in the presence of
                    "Victor Wilmot.
                    "Geo. W. Wilmot.

"State of Michigan, }
   "County of Genesee. } ss.

"I, Burdick Potter, for myself, and I, D. F. Rice, for myself, do solemnly swear that I am a freeholder, and am now the owner of property in said county and State, amounting to the sum of at least $6,000 over and above all my indebtedness, and all exemptions from sale on execution or attachment under the laws of the State of Michigan, and that the title to said property is in my own name, and belongs to me unconditionally.

                    "Burdick Potter.
                    "D. F. Rice.

"Subscribed and sworn to before me May 9, 1884.
   [L. s.]                "Geo. W. Wilmot,
                              "Notary Public."

They thereupon engaged in such business, and afterwards, in March, 1885, an action was brought against them in the circuit court for the county of Genesee, by John Clinton, to recover damages occasioned by their selling intoxicating liquors to Martin Clinton, a son of said John Clinton, in which action a judgment was recovered by the plaintiff against Benjamin H. and Isaiah C. Laning, on April 7, 1887, for $2,500 damages, and costs of suit. Execution was issued on this judgment, and returned unsatisfied, and then this suit was brought to recover the amount of such judgment upon the bond above set forth. The defendants pleaded the general issue. The execution of the bond, its approval by the common council of the village of Fenton, and the filing thereof with the county treasurer, were admitted.

The defendants' counsel objected to the introduction of the bond in evidence for the reason that the justification of the sureties did not conform to the statute. The particular variance appears to be that the justification omits the words, "and all liabilities on similar bonds," which the statute requires the affidavit to contain. There is no merit in this objection. The bond itself conforms strictly to the statute, and the justification by affidavit is no part thereof. It was the duty of the sureties to annex the required affidavit, and a neglect of this duty is no defense to their liability as sureties upon the bond.

It is also urged that the common council had no right to accept a bond in which the justification of the sureties was not in strict compliance with the statute, and that such bond is void. This objection cannot prevail. The bond is valid when accepted and approved by the common council. They may be liable for accepting a bond without sufficient sureties, if they neglect to see that the proper affidavit is annexed, but such neglect does not invalidate the bond.

A second reason for the objection was that the section of the act authorizing the recovery of civil damages against persons who caused or contributed to the intoxication of any person in certain cases is void because it conflicts with section 20, Art. 4, of the Constitution. The identical point was raised, argued, considered, and decided in *Flower v. Witkovsky,* 69 Mich. 371 (37 N. W. Rep. 364), against the position taken by defendants' counsel, and we adhere to the opinion in that case.

On the trial, counsel for the sureties claimed the right to try the merits of the original suit brought against their principals, in which the judgment was recovered, on the ground that until this trial the sureties "had no day in court," and no opportunity to defend against their lia-

bility for the wrongs alleged in the declaration against their principals.   This right was denied by the trial court, and such ruling was correct.   The authorities cited in plaintiff's brief fully support the ruling.[1]   The express condition of the bond is that the sureties shall pay any judgment recovered against their principals for actual or exemplary damages in a court of competent jurisdiction. They cannot retry the merits of the action against their principals.   They can only show that the judgment was not rendered by a court of competent jurisdiction, or that it is void for fraud or collusion.

The judgment of the circuit court must be affirmed.

SHERWOOD, C. J., MORSE and CAMPBELL, JJ., concurred.  LONG, J., did not sit.

---

[1] Counsel cited *Conner v. Reeves*, 103 N. Y. 527; *Davis v. Smith*, 79 Me. 351; *Robbins v. Chicago*, 4 Wall. 672; *Port Jervis v. Bank*, 96 N. Y. 557; *Littleton v. Richardson*, 34 N. H. 187; *Williams v. Vail*, 9 Mich. 162; *Dorr v. Clark*, 7 Id. 310; *Stoddard v. Thompson*, 31 Iowa, 80; *Bachelder v. Brown*, 47 Mich. 366, 370; *Barney v. Dewey*, 13 Johns. 226; *Boston v. Worthington*, 10 Gray, 496; *City of Rochester v. Montgomery*, 72 N. Y. 66.