### SARAH WRIGHT v. FRANK C. TREAT ET AL.

*Liquor traffic—Civil damage act—Pleading—Failure to demur— Bond—Liability of sureties—Contributory negligence.*

1. A declaration in a civil damage case contained no *direct* allegation that the sale of liquor complained of was made to *intoxicated persons* or to those in the *habit of becoming intoxicated,* but did charge that the defendant sold certain persons liquor, and that, by reason thereof, he, in an *unlawful* manner, caused them to become greatly intoxicated. And it is held that, if the declaration was defective for want of such allegation, the defendants should have raised the objection by demurrer, and that, as the proofs tended to show the sale of liquor to the persons named *when intoxicated,* the declaration should have been amended to correspond with the proofs, which amendment will be considered as so made in furtherance of justice, and in support of the verdict and judgment.[1]

[1] See *Johnson v. Spear,* 82 Mich. 454 (head-note 3).

2. The sureties upon a liquor bond which has been approved and ffled by the county treasurer remain liable for any breach committed by the principal within the year for which the bond was so filed, and cannot discharge themselves from liability by removing from the limits of the corporation within which the business is carried on, nor will they be so relieved by notice from the county treasurer to the principal to file a new bond, and in the meantime to desist from the prosecution of his business.

3. In a suit by a wife to recover from a liquor dealer and his sureties damages for injuries sustained by her by being thrown from a carriage, in which she was riding with her husband, by reason of its being overturned through the negligence of intoxicated persons, the contributory negligence of the husband, if any, does not enter into the issue, the cause of action being statutory, and not in any manner based upon the negligence of the injured party; citing *Flower v. Witkovsky*, 69 Mich. 371; *Brockway v. Patterson*, 72 Id. 122.

Error to Barry. (Hooker, J.) Argued October 10, 1890. Decided November 14, 1890.

Case. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Smith & Colgrove*, for appellants.

*F. M. Woodmansee* and *Shriner & Fox*, for plaintiff.

CHAMPLIN, C. J. Treat is a principal, and Brady and Clever are sureties, in a so-called liquor bond, and this action is brought against them to recover damages for an alleged breach of such bond.

The declaration alleges that from, on, or about May 2, 1887, Treat was engaged in and carried on the business and occupation of selling at retail intoxicating liquors, and, to enable him to engage in such business, gave the bond in question.

The plaintiff further alleges that on or about September 3, 1887, as she was riding with her husband in a car-

riage along the public highway, they met a horse and buggy, in which buggy were Elzey Wells and James Shafer. Shafer was driving the horse. They were proceeding at a rapid rate, and conducting themselves in a boisterous manner. The team after which plaintiff was riding was on the point of leaving a bridge, when Mr. Wright saw the buggy approaching, and hallooed to the occupants, but they paid no attention, and drove their horse violently against the team of Mr. Wright, and, by means of the collision, the wagon in which Wright and his wife were riding was overturned, and the occupants thrown out and Mrs. Wright severely injured. The declaration further alleges that Treat, being engaged in the business of selling intoxicating liquors, did on September 3, 1887, at the village of Nashville, by himself, servants, etc., sell, give, and furnish to Wells and Shafer large quantities of intoxicating liquors, and did thereby, and by reason thereof, and in a wanton, gross, and unlawful manner, cause the said Elzey Wells and James Shafer to become greatly intoxicated; that, being so intoxicated, they drove towards the village of Vermontville, in Eaton county, upon the public highway, and by reason of their drunken condition, aforesaid, caused their horse to collide with great force against the wagon of the plaintiff, causing the injury aforesaid.

Defendants pleaded the general issue, and gave notice of special matter of defense, which will be noticed further on.

Upon the trial of the case, Treat was sworn as a witness, and, while he denies selling or furnishing any liquor to Wells and Shafer, he admits that he saw Shafer on the day of the collision, and says that he was somewhat intoxicated, and that he formed that opinion at the time. Wells and Shafer both testify positively to obtaining liquor of Treat, and to drinking it in Treat's place of

business. Their testimony also tends to show that they were in an intoxicated condition.

After the introduction of the testimony at the trial, the defendants' counsel requested the court to instruct the jury that, in order to entitle the plaintiff to recover, she must allege in her declaration, and sustain such allegation by proof, that Wells and Shafer were, at the time of the alleged sale to them by Treat, either persons who were intoxicated or were persons who were in the habit of getting intoxicated, and that in this case there is no such allegation, and no such proof, and the verdict must be for the defendants; and the refusal of the court to give such instructions is alleged as error.

Under the testimony before referred to, the defendants were not entitled to the charge that there was no proof that Wells and Shafer were intoxicated at the time of the alleged sale of liquor to them by Treat, and they were not entitled to have the instruction given as requested. We find no direct allegation in the declaration that the sale to Wells and Shafer was a sale to persons who were intoxicated, or who were in the habit of becoming intoxicated, but it does state that Treat sold them a large quantity of intoxicating liquors, and that, by reason thereof, he, in an unlawful manner, caused them to become greatly intoxicated. The declaration was not demurred to, and, if the point is well taken that the declaration is defective in that respect, the defendants should have demurred, instead of waiting until all the proofs were introduced in the case before raising the point, and, as the proofs tended to show the sale of liquor to these intoxicated persons, the declaration might and ought to have been amended to correspond with the proofs; but where the defendants have not taken advantage of the point by demurrer, or until after the expenses

83 Mich—8

of the trial have been incurred, the declaration will be treated as having been amended in furtherance of justice, and in support of the verdict and judgment.

Another point raised by the defense is that one of the defendants, Henry Clever, after he had become surety upon the bond, and after it had been accepted and filed with the county treasurer, and after Treat had been engaged in the business of a saloonist, removed from the village of Nashville, which is a corporation carved out of the township of Maple Grove, and went to reside in the township of Maple Grove, and has there ever since remained; that, upon his removal from the corporation, the county treasurer gave notice, in writing, to Treat that he must file a new bond, and that Treat closed his saloon, and the same was closed and shut up for the space of ten days and upwards, and was then opened without filing a new bond, and no new bond was ever filed as demanded by the county treasurer; that at the time of the alleged sale to Wells and Shafer, set forth in plaintiff's declaration, defendant Clever was a resident of Maple Grove, outside of the village of Nashville, and had been for the space of three months and upwards; and that by reason of such facts the defendant Clever was not liable upon said bond for the cause complained of. These facts were set up in the special notice of defense, and when the proof to sustain this special defense was offered it was excluded by the court as irrelevant to the issue. Error is assigned upon such ruling.

We think the court was correct. After the bond required by the statute has been executed, approved, and filed with the county treasurer, the sureties upon such bond remain liable for any breach thereof committed by the principal during the year for which the bond was filed, and a surety cannot discharge himself from liability

by simply removing from the corporation limits; neither is he relieved from liability because the county treasurer notifies the principal to file a new bond, and to desist from carrying on the business in the meantime. *Brockway v. Petted*, 79 Mich. 620.

The charge of the court that referred to the contributory negligence of the husband, if any, was more favorable to the defendants than they were entitled to. We do not think this is a case where the contributory negligence of the husband, if he was negligent, enters into the issue. The cause of action is statutory, and is not in any manner based upon the negligence of the injured party. *Flower v. Witkovsky*, 69 Mich. 371 (37 N. W. Rep. 364); *Brockway v. Patterson*, 72 Id. 122 (40 N. W. Rep. 192). The proof in this case was conclusive that Wells and Shafer were in a state of beastly intoxication at the time they drove their horse against the vehicle in which the plaintiff was riding, and, if defendant Treat sold or furnished the liquor to these persons while they were intoxicated, the sureties upon the bond must answer for any damages occasioned by the wrongful act of these parties while intoxicated.

We find no error in the record, and the judgment must be affirmed.

MORSE, CAHILL, and GRANT, JJ., concurred. LONG, J., did not sit.