[No. 5045.  Decided March 30, 1905.]

N. R. JUDSON, *Appellant*, v. W. W. PARRY, *Respondent.*[1]

INTOXICATION—DAMAGES INFLICTED BY INTOXICATED PERSON—LIA-
BILITY OF SALOON KEEPER—ACTION BY ONE WHO IS A HUSBAND—
CAPACITY TO SUE—STATUTES—CONSTITUTION.     Under Bal. Code,
§ 2945, a married man who was injured by the accidental dis-
charge of a revolver, during a saloon fight between intoxicated
persons, may maintain an action for his damages, against the sa-
loon keeper who caused the intoxication of the parties inflicting
the injury, and a demurrer for want of capacity to sue should
be overruled.

Appeal from a judgment of the superior court for Oka-
nogan county, Martin, J., entered September 23, 1903,
upon sustaining a demurrer to the complaint, dismissing
an action against a saloon keeper for personal injuries in-
flicted by an intoxicated person.     Reversed.

*E. K. Pendergast* and *E. W. Taylor*, for appellant.

*G. V. Alexander*, for respondent.

FULLERTON, J.—This is an action for personal injuries
brought under section 2945 of the code (Ballinger).  A
demurrer to the complaint was interposed and sustained,
and, on the refusal of the plaintiff to plead further, a
judgment dismissing his action was entered.   From this
judgment the plaintiff appeals.

In the complaint it is alleged, in substance, that on
or about December 13, 1901, the respondent, W. W. Parry,
was engaged, as owner and proprietor, in the business of
conducting a drinking saloon, at Tonasket, Okanogan
county, state of Washington, in which intoxicating liquors
were sold; that, on the day named, the respondent sold
and delivered to one Frank Allen and one William Hughes

[1]Reported in 80 Pac. 194.

intoxicating liquors in such quantities that they became
intoxicated, while in the saloon; and that, while so
intoxicated and while in the saloon, said persons engaged
in a fight with revolvers, during which one of such re-
volvers was dropped on the floor and discharged, the ball
therefrom striking the appellant's arm, passing through
the same, and lodging in his shoulder, causing him a
painful and permanent injury. It was further alleged
that the intoxication of the persons named was caused by
the liquor sold them by the respondent, and that the injury
the appellant received was caused solely by the fact that
such persons were intoxicated. The appellant also al-
leged that he was, at the time of the injury and at the time
of the commencement of his action, a married man, the
husband of Annie E. Judson. The demurrer to the com-
plaint was sustained on the ground that the appellant had
no legal capacity to sue, and the correctness of this ruling
presents the sole question argued on this appeal.

The statute on which the action is founded, material to
the inquiry, reads as follows:

"Every husband, wife, child, parent, guardian, em-
ployee, or other person, who shall be injured in person or
property, or means of support, by any intoxicated person,
or in consequence of the intoxication, habitual or other-
wise, of any person, shall have a right of action in his or
her own name, severally or jointly, against any person or
persons who shall, by selling or giving intoxicating liquors,
have caused the intoxication, in whole or in part, of such
person . . ." Bal. Code, § 2945.

This statute, as applied to the facts before us, seems to
us so plain, clear, and free from ambiguity that construc-
tion can hardly aid in its understanding. "Every husband
. . . who shall be injured in person . . . by
any intoxicated person . . . shall have a right of
action in his . . . own name . . . against

any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person." The appellant alleged that he was a husband, that he was injured in person by an intoxicated person, whose intoxication was caused by liquors sold him by the respondent. His allegations bring him within the strict letter of the statute, and we see no reason why he may not maintain his action.

The statute is common to many states, and, so far as we are advised, none hold that an action cannot be maintained under it where the circumstances were similar to those shown here. Some of the cases permitting the action to be maintained are the following: *English v. Beard*, 51 Ind. 489; *Eddy v. Courtright*, 91 Mich. 264, 51 N. W. 887; *Flower v. Witkovsky*, 69 Mich. 371, 37 N. W. 364; *Brockway v. Patterson*, 72 Mich. 122, 40 N. W. 192, 1 L. R. A. 708; *King v. Haley*, 86 Ill. 106, 29 Am. Rep. 14; *Bacon v. Jacobs*, 17 N. Y. Supp. 323.

The judgment appealed from is reversed, and the cause remanded, with instructions to overrule the demurrer.

MOUNT, C. J., DUNBAR, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.