## McDANIEL *v.* CRAPO.

1. Intoxicating Liquors—Damages by an Intoxicated Person—Construction of Statutes.

   Provision "or other persons" of liquor act, giving to persons in specified relation "or other persons who shall be injured in person or property, means of support or otherwise, by an intoxicated person by reason of the unlawful" sale of intoxicating liquor, a right of action against the seller and his sureties is given a broad, although not an all-inclusive, interpretation, inasmuch as the intoxicated person and those who contributed to his intoxication have no right of action (CL 1948, § 436.22).

2. Same—Damage to Property—Judgments against Partnership.

   Partnership which owned truck driven by partner's minor son to whom defendants sold beer which resulted in the son's intoxication sustained a direct injury under the liquor law by reason of the damage to its truck involved in collision while the son was driving and judgments against it in action by occupants of other car involved in collision (CL 1948, § 436.-22).

3. Same—Negligent Operation of Automobile by Intoxicated Minor Son of Partner—Illegal Sale—Persons.

   Negligence attributable to partnership under the uniform motor vehicle act in action against it for injuries sustained

------

References for Points in Headnotes

[1–4] 30 Am Jur, Intoxicating Liquors, §§ 612 *et seq.*, 629, 634, 636.
[2, 3] 30 Am Jur, Intoxicating Liquors, §§ 621–623, 626, 630.

by occupants of another car involved in a collision with partnership's truck, driven by a partner's intoxicated minor son, would not preclude partnership's recovery against the retail liquor sellers and their surety for injuries to property sustained by reason of the unlawful sale to the son, the partnership being a "person" within the liquor act (CL 1948, § 256.301 et seq., § 436.22).

4. Action—Automobile Insurer—Illegal Sale by Retail Liquor Seller—Assignment—Parties.

While automobile insurer would not have a cause of action against defendant retail liquor sellers and their sureties in its own right for judgments paid on behalf of its insured by reason of the negligent operation of the vehicle by intoxicated minor son of member of insured partnership, the liquor act does not prohibit, and the "real party in interest" statute expressly permits, an assignment of the cause of action by an injured "person," hence the insurer, as assignee of its insured, may maintain an action against such defendants (CL 1948, §§ 436.22, 612.2).

Appeal from Van Buren; Mosier (Carl D.), J. Submitted October 12, 1949. (Docket No. 74, Calendar No. 44,519.) Decided January 9, 1950. Rehearing denied February 28, 1950.

Case by Harry E. McDaniel and Carrol H. Hendricks, copartners doing business as H & M Motor Sales, and another against Clarence Crapo and Mabel Crapo, doing business as Lone Star Tavern, and another for injuries caused by third party who became intoxicated in defendants' tavern. Judgment of no cause of action entered on pleadings. Plaintiffs appeal. Reversed and remanded for further proceedings.

*Paulson, Laing, Palmer & Tinker*, for plaintiffs.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Edward D. Wells*, of counsel), for defendants.

Bushnell, J. Plaintiffs Harry E. McDaniel and Carrol H. Hendricks, copartners doing business as

H & M Motor Sales, were insured by plaintiff Michigan Mutual Liability Company. By its insurance contract the company agreed to pay any liability imposed by law upon the partnership, arising out of the ownership, use and maintenance of a certain 1933 Chevrolet truck.

Hendricks permitted his 19-year-old son, Robert, to use this truck to attend a ball game. During his trip Robert purchased some beer from defendants Crapo, doing business as Lone Star Tavern. He became intoxicated from drinking this beer, and while so driving struck another automobile. The other driver was injured and both vehicles were damaged. Resulting judgments against Hendricks, his son and the partnership were paid by Michigan Mutual. H & M Motor Sales and its assignee, Michigan Mutual, then brought this action against the Crapos and their surety, defendant Seaboard Surety Company. H & M Motor Sales sought a judgment for the damage to its truck and Michigan Mutual for the amount it paid in satisfying the judgments.

On motion of the defendants, the trial judge ordered a judgment of no cause of action entered on the pleadings.

The controlling statute, CL 1948, § 436.22 (Stat Ann 1949 Cum Supp § 18.993), reads in part as follows:

"Every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support or otherwise, by an intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, shall have a right of action in his or her name against the person who shall by such selling or giving of any such liquor have caused or contributed to the intoxication of said person or persons, or who shall have caused or contributed to any such injury, and the principal and sureties to

any bond given under this law shall be liable, severally and jointly, with the person or persons selling, giving or furnishing any spirituous, intoxicating or malt liquors as aforesaid."

It is argued that Michigan Mutual does not have a cause of action either as a "person" within the meaning of this statute or by assignment from such a "person."

Both under the statute quoted and under a former similar statute, the words "or other persons" have been given a broad interpretation. *Flower* v. *Witkovsky,* 69 Mich 371, and *Hylo* v. *Michigan Surety Co.,* 322 Mich 568. Of course, the term is not all inclusive. The intoxicated person himself and those who contributed to his intoxication have no right of action. *Brooks* v. *Cook,* 44 Mich 617 (38 Am Rep 282); *Morton* v. *Roth,* 189 Mich 198; and *Malone* v. *Lambrecht,* 305 Mich 58.

H & M Motor Sales sustained a direct injury under the statute by the damage to its truck and by the judgments against it. Any negligence attributable to the partnership under the uniform motor vehicle act (CL 1948, § 256.301 *et seq.* [Stat Ann § 9.1516 *et seq.*]), does not preclude its recovery against the Crapos and their surety. *Wright* v. *Treat,* 83 Mich 110, and *Heikkala* v. *Isaacson,* 178 Mich 176 (50 LRA NS 857). The partnership is a "person" within the language of the statute.

Although plaintiff Michigan Mutual may not have a cause of action in its own right (see *Economy Auto Insurance Co.* v. *Brown,* 334 Ill App 579 [79 NE 854]) the controlling statute, *supra,* does not prohibit, and the "real party in interest" statute (CL 1948, § 612.2 [Stat Ann § 27.654]) expressly permits an assignment of the cause by an injured "person."

Michigan Mutual Liability Company, as assignee under its contract with the partnership, stands suf-

ficiently in the partnership's shoes to maintain this action.

The judgment entered upon defendants' motion is vacated, and the cause is remanded for further proceedings not inconsistent with this opinion.   Costs to appellants.

Boyles, C. J., and Reid, North, Dethmers, Butzel, Carr, and Sharpe, JJ., concurred.