CAVALIER INSURANCE CORPORATION v MONROE BOAT CLUB

Docket No. 61134. Submitted July 20, 1982, at Detroit.—Decided December 21, 1982. Leave to appeal denied, 417 Mich 1078.

Cavalier Insurance Corporation paid benefits pursuant to an automobile insurance policy to a bicyclist who had been struck and injured by its insured while the insured was intoxicated. Almost seven years after the accident, Cavalier brought an action in Monroe Circuit Court under the dramshop act against the Monroe Boat Club seeking recovery of the benefits paid. Defendant moved for summary judgment on the basis that plaintiff failed to state a cause of action under the dramshop act and that the statute of limitations had run. Daniel L. Sullivan, J., granted summary judgment in favor of defendant on both bases. Plaintiff appeals. *Held:*

1. The insurer of an intoxicated person is not entitled to sue in its own name under that portion of the dramshop act which provides a cause of action for "other persons" injured in person or property.

2. Since plaintiff failed to state a cause of action under the dramshop act, it is unnecessary to determine whether its suit was timely filed.

Affirmed.

Intoxicating Liquors — Dramshop Act — Actions — Insurers of Intoxicated Persons.

The insurer of an intoxicated person is not entitled to sue in its own name under that portion of the dramshop act which provides a cause of action for "other persons" injured in person or property. (MCL 436.22; MSA 18.993).

*Moss & Richard* (by *J. Steven Sarvis*), for plaintiff.

REFERENCES FOR POINTS IN HEADNOTE
43 Am Jur 2d, Insurance § 717.
Coverage of policy insuring against liability under dramshop acts. 14 ALR3d 858.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Michael T. Lynch* and *Christine D. Oldani)*, for defendant.

Before: M. F. CAVANAGH, P.J., and D. C. RILEY and C. J. HOEHN,* JJ.

PER CURIAM. Plaintiff's insured, while intoxicated, struck and injured a bicyclist as a result of which plaintiff paid benefits pursuant to the insurance policy which it had issued. Almost seven years after the accident, plaintiff brought suit under the dramshop act, MCL 436.22; MSA 18.993. The trial court granted summary judgment for the defendant, holding that the plaintiff failed to state a claim against the defendant and that the statute of limitations had run on any claim that the plaintiff might have had. Plaintiff appeals by right.

We have reviewed the briefs and record in this case and find no error. An intoxicated driver's insurer is not entitled to sue in its own name under the portion of the dramshop act which provides a cause of action for "other persons" injured in person or property. *McDaniel v Crapo,* 326 Mich 555, 558; 40 NW2d 724 (1950). In *McDaniel* the insurer was allowed to sue under the dramshop act only because its insured had a cause of action under the act. Here the insured is the intoxicated person himself, and an intoxicated person has no right of action under the act. *Scholten v Rhoades,* 67 Mich App 736, 742; 242 NW2d 509 (1976). Since we conclude that the insurer of an intoxicated driver has no cause of action under MCL 436.22; MSA 18.993, we need not address the statute of limitations issue.

Affirmed. Defendant may tax costs.

---

* Circuit judge, sitting on the Court of Appeals by assignment.