## HASTY v BROUGHTON

Docket No. 72178. Submitted December 12, 1983, at Grand Rapids.—
Decided March 21, 1984.

Cary Hasty purchased beer from Zona Broughton, doing business as the Maple Tavern. Hasty was a minor at the time and was visibly intoxicated. After leaving the Maple Tavern he was injured in an automobile accident. He thereafter brought an action against Broughton. The Muskegon Circuit Court, Michael E. Kobza, J., granted accelerated judgment to defendant and dismissed the action, holding that the dramshop act, as amended in 1980, does not provide Hasty with a cause of action. Plaintiff appealed, alleging that the 1980 amendment would allow his action. *Held:*

The dramshop act has consistently been construed as not allowing a cause of action against a bar owner by the intoxicated person for his or her own injuries. The 1980 amendment of the statute did not effect a substantive change in the law. The minor changes in the statute relied on by plaintiff do not manifest a legislative intent to provide an intoxicated person a remedy against the bar owner under the dramshop act.

Affirmed.

1. INTOXICATING LIQUORS — DRAMSHOP ACTION — INTOXICATED PERSONS — STATUTES.

An intoxicated person, as a "noninnocent party", may not recover under the dramshop act for his or her own injuries sustained as a result of the intoxication; a recent amendment of the language of the dramshop act did not effect a substantive change in the law such that recovery would be allowed (MCL 436.22, subds [3] and [5]; MSA 18.993, subds [3] and [5]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Intoxicating Liquors § 580.
Right to recover under civil damages or dramshop act for death of intoxicated person. 64 ALR2d 705.
[2] 73 Am Jur 2d, Statutes §§ 145, 146.
[3] 73 Am Jur 2d, Statutes § 236.
[4] 73 Am Jur 2d, Statutes § 288.

2. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT.

    The primary rule of statutory construction is that the court ascertain and give effect to the intent of the Legislature; where ambiguities exist or where a statute is susceptible of two or more meanings, legislative intent may be found by looking to the purpose and objectives sought to be accomplished.

3. STATUTES — JUDICIAL CONSTRUCTION — AMENDMENT OF STATUTES.

    It is presumed that, when the Legislature adopts a statutory amendment, the Legislature intends to make some change in existing law; however, where the Legislature amends a statute without significantly changing language which has been interpreted by the judiciary, the Legislature is presumed to have acquiesced in the interpretation.

4. STATUTES — JUDICIAL CONSTRUCTION — COMMON LAW.

    Statutes in derogation of the common law are to be strictly construed; legislative amendment of common law is not lightly presumed nor will statutes be extended by implication to abrogate established rules of common law.

*Rose & Rose* (by *James M. Rose*), for plaintiff.

*Kaufman, Payton & Kallas* (by *Frank S. Spies*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON and R. L. TAHVONEN,* JJ.

BRONSON, J. Plaintiff appeals as of right a circuit court order dismissing plaintiff's complaint. On November 24, 1982, defendant sold beer to plaintiff, then a minor and visibly intoxicated. After leaving defendant's premises, plaintiff was injured in an auto accident.

Plaintiff filed a complaint against defendant on February 11, 1983, under the provisions of the dramshop act, MCL 436.22; MSA 18.993. On June 9, 1983, the circuit court granted accelerated judgment to defendant. The circuit court ruled that

    * Circuit judge, sitting on the Court of Appeals by assignment.

the amended dramshop act did not provide plaintiff with a cause of action.

The dramshop act, MCL 436.22; MSA 18.993, was amended in 1980. Prior to amendment, the statute provided:

"Sec. 22. As a condition precedent to the approval and granting of any license, the following persons shall make, execute and deliver to the commission a bond or bonds, said bond or bonds to be executed by any surety company or companies authorized to do business in the state or in the discretion of the commission by approved personal surety running to the people of the state, in the following amounts:

* * *

"(2) Retailers of beer or wine for consumption on the premises, a bond or bonds in the sum of not less than $3,000.00 nor more than $5,000.00, in the discretion of the commission; retailers of spirits for consumption on the premises, a bond or bonds in the sum of not less than $5,000.00 nor more than $10,000.00, in the discretion of the commission, conditioned that any such retailer or specially designated merchant will not directly or indirectly, by himself, his clerk or agent or servant at any time sell, furnish, give or deliver any alcoholic liquor to a minor except as provided in this act, nor to any adult person whatever who is at the time visibly intoxicated, and that he will pay all actual damages that may be adjudged to any person or persons, including those hereinafter mentioned,[1] for injuries inflicted

---

[1] "[T]hose hereinafter mentioned" referred to the portion of the statute which provided:

"Every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support or otherwise, by a visibly intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, and the sale is proven to be a proximate cause of the injury or death, shall have a right of action in his or her name against the person who shall by such selling, or giving of any such liquor have caused or contributed to the intoxication of said person or persons or who shall have caused or contributed to any such injury * * *." MCL 436.22; MSA 28.993.

upon him or them either in person or property or means of support or otherwise, by reason of his selling, furnishing, giving or delivering any such alcoholic liquor." (Footnote added.)

The Michigan Supreme Court consistently interpreted the old statute to preclude the intoxicated person from bringing an action for his or her own injuries. *Kangas v Suchorski,* 372 Mich 396; 126 NW2d 803 (1964); *Morton v Roth,* 189 Mich 198; 155 NW 459 (1915).

"Doubtless the [dramshop] statute might have extended its benefits to the intoxicated person, but if such were the intent it is surprising that it was not distinctly and unequivocally expressed. It was as easy to designate the party himself as it was his wife, child, guardian, etc. Moreover the man himself may generally be supposed to be injured in some degree by intoxication, so that his case would furnish the most frequent occasion for a suit if he should see fit to resort to legal proceedings. It would be very remarkable that a statute in enumerating the persons who should share in its benefits should omit to name the very one who would most often be entitled to its aid." *Brooks v Cook,* 44 Mich 617, 618-619; 7 NW 216 (1880).

The theory that the intoxicated person, as a "non-innocent party", is barred from recovery has been extended to deny recovery by injured third persons who actively participated in the events leading to the intoxication of the individual responsible for the third person's injuries. *Kangas v Suchorski, supra; Morton v Roth, supra; Gregory v Kurtis,* 108 Mich App 443; 310 NW2d 415 (1981); *Dahn v Sheets,* 104 Mich App 584; 305 NW2d 547 (1981), *lv den* 412 Mich 928 (1982).

In 1980 the Legislature amended the bonding requirements provision in the dramshop act. The above-quoted subsection was also amended as follows:

*"(3) A retail licensee shall* not directly or indirectly, *individually or by a* clerk, agent, or servant sell, furnish, give, or deliver alcoholic liquor to a minor except as provided in this act, nor to *a* person who is visibly intoxicated. *A retail licensee who violates this subdivision shall* pay all actual damages that may be *awarded* to *a* person for injuries inflicted upon *the person, the person's* property or means of support, or otherwise *resulting from the* selling, furnishing, giving, or delivering *of* alcoholic liquor *to the person."* MCL 436.22(3); MSA 18.993(3) (emphasis indicates amended language).

Subsection 5 was amended to provide:

"*A* wife, husband, child, parent, guardian or other *person* injured in person, property, means of support, or otherwise, by a visibly intoxicated person by reason of the unlawful selling, giving, or furnishing *of* intoxicating liquor *to the person,* if the sale is proven to be a proximate cause of the injury or death, shall have a right of action in his or her name against the person who by the selling, giving, or furnishing the liquor has caused or contributed to the intoxication of the person or who *has* caused or contributed to *the* injury." MCL 436.22(5); MSA 18.993(5) (emphasis indicates amended language).

In cases decided after the effective date of the amendment, the appellate courts have not specifically addressed the statute as amended. In *Cornack v Sweeney,* 127 Mich App 375; 339 NW2d 26 (1983), and *Lucido v Apollo Lanes & Bar, Inc,* 123 Mich App 267; 333 NW2d 246 (1983), *lv den* 417 Mich 1087 (1983), this Court held the "noninnocent rule" applied to intoxicated minors. In *Cavalier Ins Corp v Monroe Boat Club,* 122 Mich App 268; 332 NW2d 464 (1982), *lv den* 417 Mich 1078 (1983), this Court reaffirmed the rule that the intoxicated person has no right of action under the dramshop act. All three cases interpreted the statute as it read prior to the 1980 amendment.

Plaintiff argues that the amended subsection of the dramshop act allows the noninnocent intoxicated person to seek recovery for his or her own injuries. We disagree. Case law precedent, rules of statutory construction, and public policy refute plaintiff's interpretation.

Plaintiff focuses on the following amended language:

"A *retail licensee who violates this subdivision shall* pay all actual damages that may be *awarded* to *a* person for injuries inflicted upon *the person, the person's* property or means of support, or otherwise *resulting from the* selling, furnishing, giving, or delivering *of* alcoholic liquor *to the person."* (Emphasis indicates amended language.)

The corresponding portion of the old statute provided that retailers violating the act:

"[W]ill pay all actual damages that may be adjudged to any person or persons, including those hereinafter mentioned, for injuries inflicted upon him or them either in person or property or means of support or otherwise, by reason of his selling, furnishing, giving or delivering."

Two apparent purposes of the amendment were to remove gender-specific language and to simplify the grammatical structure of the subsection. Plaintiff urges that statutory construction reveals a substantive change in the law. However, the statutory analysis suggested by plaintiff could just as well have been used to construe the old statute as providing the intoxicated person a right of recovery. Indeed, such an analysis was advanced by plaintiff's predecessors only to be consistently rejected by our courts. Notwithstanding the addition of the final three words—"to the person"—to the

subsection, it would violate clear precedent to now endorse plaintiff's argument.

The primary and fundamental rule of statutory construction is that the court ascertain and give effect to the intention of the Legislature. *White v City of Ann Arbor,* 406 Mich 554; 281 NW2d 283 (1979). Where ambiguities exist in a statute or a statute is susceptible of two or more meanings, legislative intent may be found by looking to the purpose and objectives sought to be accomplished. *Poole v Board of Canvassers of Wayne County,* 88 Mich App 299; 276 NW2d 587 (1979).

In construing a statute, the court will presume that the Legislature is familiar with principles of statutory construction. *People v Hall,* 391 Mich 175; 215 NW2d 166 (1974). When the Legislature adopts an amendment, it is presumed that the Legislature intended to make some change in existing law. *English v Saginaw County Treasurer,* 81 Mich App 626; 265 NW2d 775 (1978). However, when the Legislature amends the statute without significantly changing language which has been interpreted by the judiciary, it is presumed to have acquiesced in the interpretation. *Griggs v Budd Co,* 90 Mich App 649; 282 NW2d 431 (1979), *lv den* 407 Mich 928 (1979).

Resort to legislative intent is particularly important because the dramshop act creates a right and a remedy which did not exist at common law. *Browder v International Fidelity Ins Co,* 413 Mich 603, 612-613; 321 NW2d 668 (1982). There was no common-law right of action against a bar owner who sold intoxicating liquor to a minor or a visibly intoxicated person. Legislative amendment of common law is not lightly presumed nor will statutes be extended by implication to abrogate established rules of common law. *Bandfield v Bandfield,* 117

Mich 80; 75 NW 287 (1898); *Cox v Hayes,* 34 Mich
App 527; 192 NW2d 68 (1971).

"In *Hamilton v Jones,* 125 Ind 176; 25 NE 192 (1890),
it was said:
" 'Statutes in derogation of the common law are to be
strictly construed, and one who seeks to maintain an
action which was within the prohibition of the common
law must be able to point to a statute which in plain
and explicit terms authorizes the action to be main-
tained. A plaintiff who sues on a right of action given
by statute must present a case clearly within the stat-
ute which creates the right.' " *Yount v National Bank
of Jackson,* 327 Mich 342, 347-348; 42 NW2d 110 (1950).

To provide a noninnocent person a right of
recovery against the bar owner would effect a
significant change in both the statutory and com-
mon law of our state. We believe that, if the
Legislature intended to effect such a change, it
would have clearly and unambiguously revealed
its intention. The minor and ambiguous modifica-
tions in the subsection pointed to by plaintiff do
not sufficently manifest an intention to provide the
intoxicated person a dramshop remedy against the
bar owner.

We recognize that extending the benefits of the
statutes to the intoxicated adult or minor could
further the purpose of the dramshop act by dis-
couraging bars from furnishing intoxicating bever-
ages to those likely to be harmed from consuming
such beverages. However, sound legal and social
considerations exist for denying the intoxicated
person a right of recovery for his or her own
injuries since the intoxicated person was partially
responsible for sustaining such injuries.

We hold that the Legislature did not intend to

provide the intoxicated person a right of recovery for his or her own injuries when it amended the dramshop act in 1980. The trial court's order granting defendant accelerated judgment is affirmed.