CIEMIEREK v JIM'S GARAGE

Docket No. 77-1728. Submitted February 22, 1979, at Detroit.—Decided June 6, 1979. Leave to appeal applied for.

Defendant Thomas E. Ciemierek was sold intoxicating liquor by defendant Jim's Garage, causing him to be visibly intoxicated and to fall, resulting in permanent injury. Plaintiff, Domenica Y. Ciemierek, the wife of the injured defendant, sued defendants under the dramshop act, alleging loss of support, loss of companionship and consortium, mental distress and anxiety. The Argonaut Insurance Company, Mr. Ciemierek's employer's workmen's compensation carrier, made and was making payments to Mr. Ciemierek for medical expenses and compensation and moved to intervene. The Wayne Circuit Court, Peter B. Spivak, J., denied the motion. Argonaut appeals. *Held:*

A worker's disability compensation carrier which has paid and is paying benefits to an employee injured at a bar has no statutory right under the Worker's Disability Compensation Act to intervene in a suit by the injured employee's spouse against the bar under the dramshop act.

Affirmed.

WORKMEN'S COMPENSATION — STATUTES — DRAMSHOP ACT — CARRIER'S RIGHT OF INTERVENTION.

A worker's disability compensation carrier which has paid and is paying benefits to an employee injured at a bar has no statutory right under the Worker's Disability Compensation Act to intervene in a suit by the injured employee's spouse against the bar under the dramshop act where she claims damages for loss of support, loss of companionship and consortium, mental distress, anxiety and exemplary damages since the injured employee has no right of action against the bar and the statutory rights of the worker's compensation carrier are derivative (MCL 418.827[1], 436.22; MSA 17.237[827][1], 18.993).

REFERENCE FOR POINTS IN HEADNOTE
81 Am Jur 2d, Workmen's Compensation §§ 71, 439.

*Johnson, Campbell & Moesta,* for plaintiff.

*Franklin, Petrulis & Lichty, P.C.* (by *James T. Mellon),* for Argonaut Insurance Company.

Before: ALLEN, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. The parties stipulated to the following facts:

"The Plaintiff, DOMENICA YOLANDE CIEMIEREK, filed this lawsuit in the Circuit Court for the County of Wayne against Defendant JIM'S GARAGE and Defendant THOMAS E. CIEMIEREK, on or about November 21, 1973.

"The Complaint alleges that on November 29, 1972, the Defendant THOMAS E. CIEMIEREK, was sold intoxicating liquor by the Defendant JIM'S GARAGE, causing him to be visibly intoxicated. The Complaint further alleges that as a result of the Defendant THOMAS E. CIEMIEREK'S intoxication, he fell, striking his head and incurring permanent injury. The Plaintiff seeks in her Complaint loss of support, loss of companionship and consortium, mental distress and anxiety. The original complaint contained allegations that THOMAS E. CIEMIEREK, Defendant 'lost extensive wages and had large expenditures for hospital and medical treatment.' This allegation was omitted from the later amended complaint.

"THE ARGONAUT INSURANCE COMPANY was the Workmen's Compensation Carrier for Great American Insurance Company, the employer of the defendant, THOMAS E. CIEMIEREK. The Defendant, THOMAS E. CIEMIEREK, has received from ARGONAUT INSURANCE COMPANY, Ten Thousand Three Hundred Sixty-Eight Dollars and Forty-Nine Cents ($10,368.49) in compensation, and an additional Eighty-Nine ($89.00) Dollars of compensation is paid per week. ARGONAUT INSURANCE COMPANY has paid medical expenses of the Defendant, THOMAS E. CIEMIEREK, , in the amount of Five Thousand Six Hundred Thirty-Five Dollars and Eighty-Five Cents ($5,635.85).

"After a hearing, the Honorable Peter B. Spivak issued an Opinion on July 22, 1976, permitting the ARGONAUT INSURANCE COMPANY to intervene as a Plaintiff in the suit.

"On or about October 16, 1976, the Honorable Peter B. Spivak entered an order allowing the Plaintiff to file an Amended Complaint. The Amended Complaint seeks compensation for loss of support, loss of companionship and consortium, mental distress, anxiety and exemplary damages. It omitted allegations of THOMAS CIEMIEREK losing wages and having large expenditures for hospital and medical treatment, because the court specifically mentioned this language in its Opinion of July 22, 1976.

"After rehearing on ARGONAUT INSURANCE COMPANY'S Motion to Intervene, the Honorable Peter B. Spivak issued an Opinion on February 9, 1977, denying ARGONAUT INSURANCE COMPANY'S request to intervene. An Order was entered on March 10, 1977, denying ARGONAUT INSURANCE COMPANY'S Leave to Intervene in this lawsuit."

This stipulation was signed by the attorneys for the plaintiff, appellant Argonaut Insurance Company and defendant Jim's Garage.

The narrow issue on appeal is whether or not a worker's compensation carrier which has paid and is paying benefits to an employee injured at a bar has the right under the Worker's Disability Compensation Act to intervene in a suit brought by the injured employee's wife against the bar pursuant to the dramshop act where she claims damages for loss of support, loss of companionship and consortium, mental distress, anxiety and exemplary damages. The question is one of first impression and we find that the worker's compensation carrier has no such right of intervention.

GCR 1963, 209.1(1) provides:

"Anyone shall be permitted to intervene in an action

"(1) when a statute of this state confers an unconditional right to intervene."

The Worker's Disability Compensation Act states in relevant part:

*"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person* other than a natural person in the same employ or the employer *to pay damages in respect thereof,* the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence the action within 1 year after the occurrence of the personal injury, then the employer or carrier, within the period of time for the commencement of actions prescribed by statute, may enforce the liability of such other person in the name of that person. Not less than 30 days before the commencement of action by any party under this section, the parties shall notify, by certified mail at their last known address, the bureau, the injured employee, or in the event of his death, his known dependents or personal representative or his known next of kin, his employer and the carrier. *Any party in interest shall have a right to join in the action."* MCL 418.827(1); MSA 17.237(827)(1). (Emphasis supplied.)

And the dramshop act reads in part:

"Every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support or otherwise, by a visibly intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, and the sale is proven to be a proximate cause of the injury or death, shall have a right of action in his or

her name against the person who shall by such selling, or giving of any such liquor have caused or contributed to the intoxication of said person or persons or who shall have caused or contributed to any such injury, and the principal and sureties to any bond given under this law shall be liable, severally and jointly, with the person or persons selling, giving or furnishing any spirituous, intoxicating or malt liquors as aforesaid, and in any action provided for in this section, the plaintiff shall have the right to recover actual damages in such sum not less than $50.00 in each case * * *." MCL 436.22; MSA 18.993.

The key fact, and one we emphasize at the outset, is that the plaintiff is suing the bar under the dramshop act for her damages alone. She is not suing and could not recover for the injuries suffered by her husband, the injured employee.

If this were an ordinary tort action arising out of the employee's employment and instituted by the employee, but not involving a motor vehicle, appellant's claim for intervention would be uncontestable. See *Flower v Gensterblum,* 86 Mich App 561, 565; 272 NW2d 726 (1978), and cases cited therein; 2A Larson, Workmen's Compensation Law, § 74.35, p 14-246. But this is not an ordinary tort claim by the injured employee against a third-party tortfeasor. In fact, under the dramshop act, the intoxicated person has no right of action against the bar. *Kangas v Suchorski,* 372 Mich 396, 399; 126 NW2d 803 (1964), *Scholten v Rhoades,* 67 Mich App 736, 742; 242 NW2d 509 (1976). The only parties with a claim against the bar are those innocent parties who were injured in some way by the intoxicated person.

In the present case, the injured wife certainly has an action against the bar for her injuries. MCL 436.22; MSA 18.993, *Podbielski v Argyle Bowl, Inc,* 392 Mich 380; 220 NW2d 397 (1974).

Our question is whether or not the intoxicated person's worker's compensation carrier can intervene in that action pursuant to MCL 418.827(1); MSA 17.237(827)(1).

The statute under consideration is viewed as a statutorily created right of subrogation. Consequently, the rights of the worker's compensation carrier under MCL 418.827(1) are derivative and require the worker's compensation carrier to stand in the shoes of the injured employee. As stated in *Ayers v Genter,* 367 Mich 675, 680; 117 NW2d 38 (1962):

"* * * while statutory provision (CLS 1956, § 413.15 [Stat Ann 1960 Rev § 17.189]) permits an employer to enforce the liability of a third-party tortfeasor, the employer's rights are no greater than those of his injured employee. The test of liability is whether the employee could have held the tortfeasor liable for his injuries. *Utley v Taylor & Gaskin, Inc,* 305 Mich 561."

Additionally, MCL 418.827(1) limits the worker's compensation carrier's right to pursue a third-party wrong-doer to those situations in which the compensable injury was caused under circumstances creating a legal liability for that injury in a third party.

In the instant case, the compensable injury occurred when Thomas Ciemierek became intoxicated at defendant bar, fell, struck his head and suffered permanent injury. But since the employee can not recover from the bar for that injury, the compensable injury was not caused under circumstances creating a legal liability in the bar for the injury. Accordingly, the worker's compensation carrier has no right under MCL 418.827(1) to pursue an action against the bar. See generally, *Flower, supra,* 570-571.

In any event, we repeat that this case involves a suit by the wife of the injured employee to recover for her injuries alone. She is not suing the bar to recover for her husband's injuries. Therefore, none of the injuries for which the wife seeks recovery were paid for in any respect by the worker's compensation carrier and the carrier has no claim to any recovery plaintiff may secure for her own injuries.

Affirmed.