GREGORY v KURTIS

Docket No. 50522. Submitted April 7, 1981, at Detroit.—Decided
August 5, 1981.

Leo J. Gregory, Donna Gregory, in her own right and as next
friend of Leo J. Gregory, Jr., and Sharon Gregory brought an
action against Louis Kurtis, doing business as Telegraph Inn,
for damages arising out of injuries received by Leo J. Gregory
as a result of a motor vehicle accident which occurred shortly
after Leo left defendant's bar, alleging violation of the Michi-
gan dramshop act and breach of a common-law duty not to
serve liquor to a known, compulsive alcoholic. Defendant
moved for accelerated and partial summary judgment on the
grounds that the period of limitation for actions brought under
the dramshop act had run and that no such common-law cause
of action exists in Michigan. Wayne Circuit Court, Maureen P.
Reilly, J., dismissed the common-law claims and granted defen-
dant's motion for partial summary judgment. Plaintiffs appeal.
*Held:*

The trial court properly granted defendant's motion and
dismissed the common-law claims. Plaintiff Leo J. Gregory's
injuries arose out of an alleged unlawful sale or furnishing of
liquor. The exclusive remedy for such a claim is provided by
the dramshop act and not the common law.

Affirmed.

D. E. HOLBROOK, JR., J., dissented. He would hold that plain-
tiffs stated a cause of action against the tavern owner for gross
negligence and wilful, wanton, and intentional misconduct

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Intoxicating Liquors § 580.
Liability of liquor furnisher under civil damage or dramshop act for
injury or death of intoxicated person from wrongful act of third
person. 65 ALR2d 923.

[2, 4] 45 Am Jur 2d, Intoxicating Liquors § 561.
Common-law right of action for damage sustained by plaintiff in
consequence of sale or gift of intoxicating liquor or habitforming
drug to another. 97 ALR3d 528.

[3, 4] 73 Am Jur 2d, Statutes § 185.

[5] 45 Am Jur 2d, Intoxicating Liquors § 610.

under the common law, independent of the dramshop act. He would reverse and remand.

OPINION OF THE COURT

1. INTOXICATING LIQUORS — DRAMSHOP ACT — ACTIONS — STATUTES.

A person who is injured while intoxicated has no right of action against a bartender who sold him the liquor which caused his intoxication under the dramshop act (MCL 436.22; MSA 18.993).

2. INTOXICATING LIQUORS — DRAMSHOP ACT — ACTIONS — STATUTES.

The dramshop act protects third parties injured by an intoxicated person (MCL 436.22; MSA 18.933).

3. STATUTES — COMMON LAW — REMEDIES.

The remedy provided by statute is exclusive for enforcement of a newly created right or a newly imposed duty; however, a statutory remedy for a common-law right is only cumulative.

4. INTOXICATING LIQUORS — DRAMSHOP ACT — ACTIONS — TAVERN OWNER — REMEDIES — COMMON LAW — STATUTES.

An exclusive remedy for actions arising out of the unlawful sale, giving away, or furnishing of intoxicants is provided by the dramshop act; however, the act does not control nor abrogate actions arising out of the unlawful or negligent conduct of a tavern owner other than the selling, giving away, or furnishing of intoxicants, provided that the unlawful or negligent conduct is recognized as a lawful basis for a cause of action at common law (MCL 436.22; MSA 18.993).

DISSENT BY D. E. HOLBROOK, JR., J.

5. INTOXICATING LIQUORS — DRAMSHOP ACT — ACTIONS — REMEDIES — COMMON LAW — STATUTES.

*A person, who was injured while intoxicated, may maintain an action for gross negligence and wilful, wanton, and intentional misconduct independent of the dramshop act against the tavern owner (MCL 436.22; MSA 18.993).*

*Pianin, Graber & Paull, P.C.,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *James R. Kohl* and *Raymond W. Morganti),* for defendant.

Before: DANHOF, C.J., and J. H. GILLIS and D. E.
HOLBROOK, JR., JJ.

DANHOF, C.J. Plaintiffs appeal as of right from a .
circuit court order granting defendant's motion for
partial summary judgment.

Plaintiff Leo John Gregory was seriously injured
in an automobile accident shortly after leaving
defendant's bar. Plaintiffs subsequently filed a
complaint which contained the following allega-
tions:

"4. That on or about November 18, 1976, LEO JOHN
GREGORY was a patron of the Telegraph Inn and was
sold intoxicating beverages by employees and/or agents
thereof.

"5. That on said date, LEO JOHN GREGORY, was
served in excess of one/fifth of Kessler's Whiskey by the
employees and/or agents of the Telegraph Inn.

"6. That plaintiff, LEO JOHN GREGORY, was sold
said alcoholic beverage while visibly intoxicated, and
thereafter, and continuously, so that plaintiff, LEO
JOHN GREGORY, was caused to be in a grossly intoxi-
cated condition.

"7. That the defendant had a duty not to serve
alcoholic beverages to the plaintiff after plaintiff be-
came visibly intoxicated, but in breach of said duty did
continue to serve plaintiff alcoholic beverages causing
plaintiff to become grossly intoxicated.

"8. That defendant knew or should have known that
plaintiff was a compulsive alcoholic and in reckless
disregard for the safety and well-being of plaintiffs
herein, defendant continued to serve plaintiff alcoholic
beverages to the extent that plaintiff, LEO JOHN
GREGORY, became grossly intoxicated and was caused
to sustain serious injuries."

It was further contended that defendant's gross
negligence and wrongful acts resulted in the acci-
dent, and the complaint included derivative claims

by Leo Gregory's wife and two children. Henceforth, all singular references to plaintiff in this opinion are to Leo Gregory only. The action was based upon both the Michigan dramshop act, MCL 436.22; MSA 18.993, and breach of a common-law duty not to serve liquor to a known, compulsive alcoholic.

Defendant filed a motion for accelerated and partial summary judgment on the grounds that no common-law cause of action of the type alleged by plaintiff existed in this state, that the dramshop act provided the exclusive remedy, and that the claims of plaintiff and his wife were barred by the two-year statute of limitations in the dramshop act. In opposition to this motion, plaintiff argued that this Court recognized his common-law theory in *Grasser v Fleming,* 74 Mich App 338; 253 NW2d 757 (1977). However, the trial court ruled that *Grasser* did not apply, and, accordingly, an order granting partial summary judgment was entered which dismissed the common-law claims. In a previous order, the court had ruled that the statute of limitations barred claims by defendant or his wife under the dramshop act.

Plaintiff appeals, arguing that the lower court erred in ruling that the complaint failed to state a common-law cause of action.

It is well established that, under the dramshop act, an intoxicated person has no right of action against the bartender who served him liquor which caused intoxication, resulting in injury. The act protects third parties injured by the intoxicated person. *Ciemierek v Jim's Garage,* 90 Mich App 565, 569; 282 NW2d 396 (1979). However, the existence of a common-law cause of action in favor of the intoxicated person for wrongful service of liquor by a bartender was recognized in *Grasser,*

*supra.* In that case, a wrongful death action, the decedent's daughter alleged gross negligence and wilful, wanton, and intentional misconduct by defendants for serving liquor to the decedent, who died as a result of injuries suffered in a fall which occurred after he left the bar. Plaintiff contended that defendants knew that the decedent was an alcoholic, unable to refuse liquor and that defendants had agreed, at the request of plaintiff, not to serve alcoholic beverages to the decedent, an elderly man. The defendants' motion for summary judgment based on failure to state a cause of action was denied, and this Court upheld the trial court's decision on appeal. The scope of the common-law cause of action thus recognized is a disputed issue in the presented case.

At the outset of its opinion in *Grasser, supra,* 339-340, the panel stated the issue as follows:

"The primary issue is whether there is a common law cause of action for gross negligence or willful, wanton and intentional misconduct by a tavern owner in selling alcohol to an intoxicated person, who is a known compulsive alcoholic, *contrary to an agreement not to serve such person by the tavern owner."* (Emphasis added.)

Elsewhere in the opinion, the Court restated the issue:

"Our concern is whether an intoxicated person has a common law cause of action *under the pleaded facts."* *Id.,* 343. (Emphasis added.)

The Court also considered whether the dramshop act constitutes the exclusive remedy against the tavern owner for wrongful service of intoxicants. The conclusion reached was that it did not and the Court held that:

"[T]he dramshop act is not an exclusive remedy such that a tavern owner has no liability *under the circumstances alleged."* *Id.,* 347. (Emphasis added.)

Ultimately, the holding in *Grasser* was stated as follows:

"We thus recognize a common law cause of action for serving a known drunk that other jurisdictions have also similarly found independent of the dramshop act. Not surprisingly, there is split of authority. We hold that plaintiff has stated a cause of action for gross negligence and willful, wanton, and intentional misconduct independent of the dramshop act." *Id.,* 350. (Footnote omitted.)

In granting defendant's motion for summary judgment in the present case, the trial court determined that the presence of an agreement not to serve liquor in *Grasser* was a distinguishing factor:

"In *Grasser* we have additional facts where there was not simply an allegation that drinks were served to one who became intoxicated and drinks were continually served to him. There is further allegation that there was a duty imposed upon the bartender even before the man walked into the bar, and the bartender accepted that duty; he agreed not to serve the individual. He discussed it, I believe, with some member of the family. In my mind that * * * creates a duty in the bartender that existed separately from any duty that was imposed under the Dram Shop Act."

Upon further argument, the trial court noted:

"[T]here was prior notice which imposed a duty on the bartender which I didn't find existed in this case."

The trial court's analysis is bolstered by the fact that the agreement not to serve alcohol was em-

phasized several times in the *Grasser* opinion and by certain language (emphasized above) in the statements of the issue and holding. However, the broader terminology utilized in the final statement of the holding suggests that the prior agreement was not to be considered as an essential element of the common-law cause of action. Certainly a case could be made for either a broad reading of *Grasser* or a restriction of the holding to the specific facts involved, depending upon which language from that opinion was selected as determinative. However, because the Michigan Supreme Court has never recognized a common-law action of the type discussed in *Grasser,* we reexamine the issue of whether such an action should be permitted.

Defendant argues that the dramshop act, which is part of the Michigan Liquor Control Act, MCL 436.1 *et seq.;* MSA 18.971 *et seq.,* provides the exclusive remedy for injuries arising out of unlawful sales, furnishing, or giving away of intoxicants because the Legislature has preempted the field in this area. It is the general rule in Michigan that where a new right is created or a new duty imposed by statute the remedy provided for enforcement of that right by the statute for its violation and nonperformance is exclusive; however, a statutory remedy for enforcement of a common-law right is deemed only cumulative. *Pompey v General Motors Corp,* 385 Mich 537, 552-553; 189 NW2d 243 (1971), *Lafayette Transfer & Storage Co v Michigan Public Utilities Comm,* 287 Mich 488; 283 NW 659 (1939).

In *Manuel v Weitzman,* 386 Mich 157, 163; 191 NW2d 474 (1971), the Supreme Court stated:

"Dramshop acts were passed because under the common law it was not a tort to sell or furnish intoxicating liquor to an ordinary able-bodied man, even though as a

result of his becoming intoxicated injury resulted to himself or to others. Their purpose was to fill a void in the law * * *." (Footnote omitted.)

The plaintiff in *Manuel* had been injured in an assault by another customer at the defendant's bar. He filed a complaint which included a claim that defendant had violated a common-law duty to maintain a safe place for business invitees. The trial court granted defendant's motion for a directed verdict on the ground that the sole cause of action against a bar owner for injuries inflicted by an intoxicated customer is provided by the dramshop act; however, the Supreme Court reversed, finding that the dramshop act was not intended to remove the duty of a tavern keeper to exercise due care for the welfare and safety of invited patrons. In deciding this issue, the Court reached the following conclusion:

"We specifically approve the following statement in *De Villez [v Schifano,* 23 Mich App 72, 77; 178 NW2d 147 (1970)]:

" 'We hold that the dramshop act affords the exclusive remedy for injuries arising out of an *unlawful sale, giving away,* or *furnishing of intoxicants. * * ** However, the act does not control and it does not abrogate actions arising out of unlawful or negligent conduct of a tavern owner other than *selling, giving away,* or *furnishing of intoxicants,* provided the unlawful or negligent conduct is recognized as a lawful basis for a cause of action in the common law.' " *Id.,* 164-165.

It is our opinion that the common-law theory advanced in the instant case should not be recognized because plaintiff's injuries arose out of an alleged unlawful sale or furnishing of liquor, and, according to *Manuel,* the exclusive remedy in such a case is provided by the dramshop act. In this

holding, we differ from the panel in *Grasser, supra.* the trial court's order granting partial summary judgment is affirmed.

Affirmed. Costs to defendant.

J. H. GILLIS, J., concurred.

D. E. HOLBROOK, JR., J. *(dissenting).* It is my opinion that in the instant case plaintiff sufficiently has stated a cause of action for gross negligence and wilful, wanton, and intentional misconduct. Moreover, I would read *Grasser v Fleming,* 74 Mich App 338; 253 NW2d 757 (1977), in a broad manner and hold that the language therein contained, to the effect that defendant had agreed not to serve plaintiff, was not intended to be dispositive in that case. Further, I believe that the basic holding of *Grasser, supra,* is stated at page 350 thereof where the Court stated:

"We thus recognize a common law cause of action for serving a known drunk that other jurisdictions have also similarly found independent of the dramshop act. Not surprisingly there is a split of authority. We hold that plaintiff has stated a cause of action for gross negligence and wilful, wanton, and intentional misconduct independent of the dramshop act.

Accordingly, I would adopt the reasoning of *Grasser* and reverse and remand for trial.