MORRIS v MARKLEY

Docket No. 70319. Submitted March 22, 1984, at Detroit.—Decided May 20, 1985. Leave to appeal applied for.

Plaintiff, Donna Lynn Morris, and others brought an action in the Wayne Circuit Court against Brenda Markley, doing business as Dirty Harry's, alleging gross negligence in intentionally providing her drinks while she was working in defendant's bar. Plaintiff claimed that defendant knew she was an alcoholic but gave her drinks anyway in order to stimulate business. She alleged a common-law duty to refrain from serving her alcohol and that, as a result of defendant's breach of that duty, she sustained injuries when she drove her car into a tractor-trailer. The court, William J. Giovan, J., granted summary judgment for defendant against plaintiff. Plaintiff appealed. *Held:*

A person who has been served liquor at a bar may maintain an action against the dramshop owner for personal injuries sustained where the facts alleged are sufficient to constitute both gross negligence and actual notice of plaintiff's condition that would make the serving of alcohol wilful, wanton and intentional and reckless disregard for plaintiff's helpless condition.

Reversed and remanded.

INTOXICATING LIQUORS — ACTIONS — NEGLIGENCE — GROSS NEGLIGENCE — DRAMSHOP ACT.

A person who has been served liquor at a bar may maintain an action against the dramshop owner for personal injuries sustained where the facts alleged are sufficient to constitute both gross negligence and actual notice of plaintiff's condition that would make the serving of alcohol wilful, wanton and intentional and a reckless disregard for plaintiff's helpless condition.

*Jacobs & Miller* (by *Robert B. Miller),* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTE

45 Am Jur 2d, Intoxicating Liquors §§ 561, 580.

Contributory negligence allegedly contributing to cause of injury as defense in Civil Damages Act proceeding. 64 ALR3d 849.

*Fitzgerald, Hodgman, Kazul, Rutledge, Cawthorne & King, P.C.* (by *Alvin A. Rutledge* and *Louann Van Der Wiele),* for defendant.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and S. J. LATREILLE,\* JJ.

D. E. HOLBROOK, JR., J. Plaintiff appeals as of right from the order granting defendant's motion for summary judgment. Plaintiff was an exotic dancer employed by the defendant tavern owner. Plaintiff contends defendant knew she was an alcoholic and that she provided her with drinks because her behavior then became "wild and crazy", which was a draw for customers. She alleges that defendant had a common-law duty to refrain from serving her alcohol and, as a result of defendant's breach of that duty, she sustained serious injury when she drove her car into a parked tractor-trailer. On appeal we must determine if a cause of action for this exists, the effect of the dramshop act, and if the trial court erred in granting summary judgment in defendant's favor.

A split of authority exists on this Court as to whether a cause of action exists for gross negligence or wilful, wanton and intentional misconduct in the sale of alcoholic beverages under certain circumstances. In the instant case, plaintiff has brought her cause of action under gross negligence. One facet the cases agree on is that plaintiff does not have a right to recovery under the dramshop act, MCL 436.22; MSA 18.993. See, *Kangas v Suchorski,* 372 Mich 396; 126 NW2d 803 (1964), and *Hasty v Boughton,* 133 Mich App 107, 114; 348 NW2d 299 (1984). Our question is if the dramshop act bars plaintiff's recovery.

The trial court based its grant of defendant's

\* Circuit judge, sitting on the Court of Appeals by assignment.

summary judgment motion on *Browder v International Fidelity Ins Co,* 413 Mich 603; 321 NW2d 668 (1982). A careful reading of *Browder* reveals that the Court limited its application to the right of an innocent third party who was injured by an intoxicated person to sue the tavern owner only under the act, and in that case the Court would not entertain a contract action. The holding in *Manuel v Weitzman,* 386 Mich 157; 191 NW2d 474 (1971), was also similarly confined to the rights of the third parties to recover from the tavern owner. Accordingly, we feel these two cases are inapplicable to the case at bar.

In the instant case we are discussing the limited circumstances of when a tavern owner has actual notice of the helpless state of plaintiff such that the sale of alcoholic beverages constitutes gross negligence or wilful, wanton and intentional misconduct. Technically this action arises from defendant's culpability and not the sale of the liquor. It is the reckless disregard of plaintiff's welfare after defendant has actual notice that creates this tort.

*Grasser v Fleming,* 74 Mich App 338; 253 NW2d 757 (1977), recognized this limited exception and we feel that it is the better reasoned case and provides for an equitable result. We are aware of *Gregory v Kurtis,* 108 Mich App 443; 310 NW2d 415 (1981), and agree with the dissent. Plaintiff in that case should have been given an opportunity to prove his claim that defendant did have notice of his helpless state.

Several recent cases have denied plaintiffs recovery. However, these were not cases that presented a claim for gross negligence. *Lucido v Apollo Lanes and Bar, Inc,* 123 Mich App 267; 333 NW2d 246 (1983), *lv den* 417 Mich 1087 (1983); *Cornack v Sweeney,* 127 Mich App 375; 339 NW2d 26 (1983), and *Hasty, supra.*

We do not mean to allow all intoxicated persons the right to assert a claim against a tavern owner. We hold that, in those circumstances where facts are alleged sufficient to constitute *both* gross negligence and actual notice of plaintiff's condition that would make the serving of alcohol wilful, wanton and intentional and a reckless disregard of plaintiff's helpless condition, the claim should be allowed to have a full trial. This exception is a limited one. Here, as in *Grasser, supra,* the tavern owner had prior notice of plaintiff's helpless condition. Additionally in this case the plaintiff and defendant were in an employee-employer relationship.

Under these facts and circumstances, we must reverse the order of summary judgment and remand for trial.

Reversed and remanded. Cost to appellant.