PLAMONDON v MATTHEWS

Docket No. 78929. Submitted August 8, 1985, at Lansing.—Decided October 31, 1985.

Richard A. Plamondon and William H. Matthews spent approximately three hours together in the Keg & Kettle Bar, during which time each consumed numerous alcoholic drinks followed by beer chasers. They left the bar together in Matthews' truck and were involved in a one-vehicle accident a short time later. Plamondon, riding as passenger in the truck, suffered serious injury. He subsequently filed an action against Matthews and Eerbeeck-O'Neill Enterprises, Ltd., doing business as Keg & Kettle Bar, in Genesee Circuit Court. The defendant bar moved for summary judgement on the ground that Plamondon aided, encouraged, and assisted Matthews in becoming visibly intoxicated and was therefore barred from recovery under the dramshop act. The trial court agreed and entered summary judgment in favor of the defendant bar, Donald R. Freeman, J. Plaintiff appealed. *Held:*

1. The dramshop act gives no right of action to the intoxicated tortfeasor or to anyone who actively contributed to the tortfeasor's intoxication. In this case, plaintiff actively participated in the intoxication of Matthews. The trial court correctly found that plaintiff was precluded from recovery under the dramshop act as a matter of law.

2. Plaintiff's argument that summary judgment was improper

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 561 et seq.

Am Jur 2d, Summary Judgment §§ 26, 27.

Contributory negligence allegedly contributing to cause of injury as defense in Civil Damage Act proceeding. 64 ALR3d 849.

Proof of causation of intoxication as a prerequisite to recovery under Civil Damage Act. 64 ALR3d 882.

Liability of one who furnishes liquor to another for comsumption by third parties, for injury caused by consumer. 64 ALR3d 922.

Third person's participating in or encouraging drinking as barring him from recovering under civil damage or similar acts. 26 ALR3d 1112.

See also the annotations in the ALR3d/4th Quick Index under Civil Damage Act.

because an action under the dramshop act is not his exclusive remedy given that his complaint sufficiently alleged a cause of action for gross negligence was not raised at the trial court level and is therefore precluded from review. However, if the issue had been preserved for review, it would have been found to be without merit. Plaintiff has not alleged any facts which amount to more than ordinary negligence by the defendant bar. Furthermore, even if the complaint were amended, plaintiff's claim is unenforceable as a matter of law.

Affirmed.

1. Intoxicating Liquors — Dramshop Act.

The dramshop act provides a right of action to any person injured by an intoxicated person against the establishment which has caused or contributed to the intoxication by selling, giving, or furnishing liquor to the intoxicated person while visibly intoxicated (MCL 436.22; MSA 18.993).

2. Intoxicating Liquors — Dramshop Act.

The intoxicated person himself and those who contributed to his intoxication have no right of action under the dramshop act (MCL 436.22; MSA 18.993).

3. Intoxicating Liquors — Dramshop Act — Drinking Companions.

Merely accompanying and drinking with an intoxicated person does not, as a matter of law, bar a drinking companion's recovery under the dramshop act; recovery is barred only if the companion was an active participant in causing the tortfeasor's intoxication (MCL 436.22; MSA 18.993).

4. Intoxicating Liquors — Dramshop Act — Noninnocent Parties — Purchasing Drinks in Rounds.

Anyone who purchases drinks in "rounds" for each of the participating drinkers of such rounds actively participates in the intoxication of the other drinkers and is a noninnocent party who is precluded from proceeding with an action under the dramshop act (MCL 436.22; MSA 18.993).

5. Motions and Orders — Summary Judgment — Issue of Material Fact — Court Rules.

A trial court is obligated to consider affidavits, depositions and interrogatories, in short, the entire record, in determining whether a genuine issue of material fact exists for purposes of a motion for summary judgment based on the ground that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law; the motion is properly granted only where, giving every reasonable doubt to the opposing party, the court determines that it is impossible for the claim asserted to be supported by the evidence at trial (GCR 1963, 117.2[3]; MCR 2.116[C][10]).

6. INTOXICATING LIQUORS — DRAMSHOP ACT — ORDINARY NEGLIGENCE — EXCLUSIVE REMEDY.

The exclusive remedy for ordinary negligence in supplying a person with alcoholic beverages is supplied by the dramshop act (MCL 436.22; MSA 18.993).

7. INTOXICATING LIQUORS — ACTIONS — NEGLIGENCE — SALE OF ALCOHOLIC BEVERAGES — GROSS NEGLIGENCE — WILLFUL, WANTON, AND INTENTIONAL MISCONDUCT.

A split of authority exists in the Court of Appeals as to whether a cause of action exists for gross negligence or willful, wanton, and intentional misconduct in the sale of alcoholic beverages where the person served is known by the bar to be an alcoholic or in a helpless condition.

*Dunchock, Linden & Wells, P.C.* (by *Arnold D. Dunchock*), for plaintiff.

*Nill, Kirby, Rockwell & Swann, P.C.* (by *Lawrence E. Nill* and *Danny C. Keene*), for defendant.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and D. P. KERWIN,* JJ.

PER CURIAM. Richard Plamondon brought this dramshop action for injuries suffered in an automobile accident. The driver of the truck in which Plamondon was riding, William Matthews, was named as a defendant. Also named was Eerbeeck-O'Neill Enterprises, doing business as Keg & Kettle Bar (hereinafter Bar), the establishment where Plamondon and Matthews had been served alcoholic beverages prior to the accident. Matthews' dependent minor son was added as a party plaintiff.

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

After a hearing, the trial court entered a final order granting summary judgment pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10) in favor of the Bar as to plaintiff Plamondon only. Plamondon (hereafter plaintiff) appeals as of right.

Plaintiff's complaint alleged that on October 20, 1982, he was riding in a truck driven by William Matthews on Mt. Morris Road in Genesee County, when Matthews lost control of the truck and crashed. Plaintiff suffered serious injuries. Plaintiff claimed a cause of the accident was that the Bar served alcoholic beverages to Matthews while he was visibly intoxicated, in violation of the dramshop act, MCL 436.22; MSA 18.993.

In its answer, the Bar denied that its employees served Matthews while he was visibly intoxicated. The Bar also brought a motion for summary judgment contending that plaintiff aided, encouraged, and assisted Matthews in becoming visibly intoxicated and was therefore barred from recovery under the dramshop act. The trial court agreed. We affirm.

The dramshop act provides a right of action to any person injured by an intoxicated person against the establishment which has caused or contributed to the intoxication by selling, giving, or furnishing liquor to the intoxicated person while visibly intoxicated. MCL 436.22; MSA 18.993. This statute has been interpreted as giving no right of action to the "intoxicated person * * * and those who contributed to his intoxication". *Kangas v Suchorski,* 372 Mich 396, 399; 126 NW2d 803 (1964); *Malone v Lambrecht,* 305 Mich 58, 60; 8 NW2d 910 (1943). Amendment of the statute in 1980 did not alter this interpretation. *Hasty v Broughton,* 133 Mich App 107, 112; 348 NW2d 299 (1984). Under this interpretation of the statute, the instant plaintiff is precluded from recovery

under the dramshop act if he was a "noninnocent" party. *Kangas v Suchorski, supra.*

Merely accompanying and drinking with an intoxicated person does not bar recovery by a plaintiff. Rather, the plaintiff is barred from recovery only if he or she was an active participant in causing the tortfeasor's intoxication. *Todd v Biglow,* 51 Mich App 346, 352; 214 NW2d 733, *lv den* 391 Mich 816 (1974); *Dahn v Sheets,* 104 Mich App 584, 590-591; 305 NW2d 547 (1981), *lv den* 412 Mich 928 (1982). It appears, however, that the amount of participation that will bar recovery is slight. In *Kangas, supra,* the plaintiff matched coins with the tortfeasor to determine who was going to pay for the drinks. Such action was considered to be active participation. In the more recent case of *Barrett v Campbell,* 131 Mich App 552, 556; 345 NW2d 614 (1983), *lv den* 419 Mich 877 (1984), this Court considered whether buying drinks in "rounds", that is, where each person consumes and purchases a per capita share of drinks, constituted active participation in causing the tortfeasor's intoxication. This Court reasoned that whether the person buying a "round" was purchasing liquor only for himself or for all in the group was immaterial. What was material was whether the person actively participated in causing the tortfeasor's inebriation. Consequently, this Court concluded that purchasing "rounds" constituted active participation. *Id.,* 556.

In the present case, a waitress at the bar deposed that she took money from a pile in the middle of the table to pay for Matthews' and plaintiff's drinks. She said that Matthews told her to take payment from the pile and plaintiff made no comment. Another waitress at the bar testified to the same effect.

Matthews testified that he did not remember

how he and plaintiff paid for their drinks. In the past, they had paid for their drinks by each paying for their own, by buying "rounds", or by placing the money in a "kitty". Matthews felt that it was possible that they had bought rounds for each other on the night in question.

The plaintiff deposed that he and Matthews had probably purchased drinks for each other throughout the night. Although plaintiff did not remember placing his money in a "kitty" in the middle of the table, he thought it likely that they were buying "rounds".

In deciding whether there is a genuine issue of material fact regarding plaintiff's status as a noninnocent party under the dramshop act, the trial court was obligated to consider affidavits, depositions, and interrogatories. Summary judgment was appropriate only if, after resolving any reasonable doubt in favor of plaintiff, the trial court was satisfied that it was impossible for the claim asserted to have been supported by the evidence at trial. *Barrett v Campbell, supra,* p 556.

Plaintiff does not dispute the claim that he and Matthews bought drinks for each other on the night in issue. Moreover, plaintiff's testimony establishes that plaintiff did more than just merely drink with Matthews. Rather, he actively participated in the intoxication of Matthews. See *Barrett v Campbell, supra.* Therefore, the trial court was correct in finding that plaintiff was a noninnocent party and precluded from recovery under the dramshop act as a matter of law.

Plaintiff also argues, however, that summary judgment was improper because an action under the dramshop act is not his exclusive remedy given that his complaint sufficiently alleged a cause of action for gross negligence. Initially, we note that this issue was not raised below and is therefore

precluded from review. *Ledbetter v Brown City Savings Bank,* 141 Mich App 692, 702; 368 NW2d 257 (1985). However, even if this issue had been preserved for review, we would find it to be without merit.

It is well established that the exclusive remedy for ordinary negligence in supplying a person with alcoholic beverages is supplied by the dramshop act. *Browder v International Fidelity Inc Co,* 413 Mich 603, 611-612; 321 NW2d 668 (1982); *Cornack v Sweeney,* 127 Mich App 375, 377; 339 NW2d 26 (1983), *lv den* 418 Mich 917 (1984). However, a split of authority exists in this Court as to whether a cause of action exists for gross negligence or willful, wanton, and intentional misconduct in the sale of alcoholic beverages where the person served is known by the bar to be an alcoholic or in a helpless condition. *Gregory v Kurtis,* 108 Mich App 443; 310 NW2d 415 (1981), holds that the dramshop act is the exclusive remedy for such a cause of action. In contrast, see *Grasser v Fleming,* 74 Mich App 338; 253 NW2d 757 (1977), and *Morris v Markley,* 143 Mich App 12; 371 NW2d 464 (1985). However, resolution of this conflict is not necessary in the present case.

Plaintiff does not allege that the bar knew Matthews was an alcoholic or was already intoxicated to the point of helplessness when the bar served drinks to him. See *Hollerud v Malamis,* 20 Mich App 748, 760; 174 NW2d 626 (1969); *Morris v Markley, supra.* Indeed, beyond the conclusory allegation that defendant's actions constitute gross and willful misconduct, plaintiff has not alleged any facts which amount to more than ordinary negligence by the bar.

Moreover, even if the complaint were amended, we are convinced plaintiff's claim is unenforceable as a matter of law. See *Hollerud v Malamis, supra,*

and compare *Browder v International Fidelity Ins Co, supra.*

We find no error.

Affirmed.