JACKSON v PKM CORPORATION

Docket No. 88606. Submitted October 14, 1986, at Detroit. Decided
January 6, 1987. Leave to appeal applied for.

Deborah L. Jackson brought an action in the Macomb Circuit
Court against PKM Corporation, doing business as the Grand
Duchess Lounge, for damages for injuries sustained in an
automobile accident after the plaintiff left the defendant's
lounge. Plaintiff alleged a common-law cause of action for gross
negligence or wilful and wanton misconduct in the sale of
alcoholic beverages. The trial court, George R. Deneweth, J.,
granted defendant's motion for summary disposition, finding
that the common-law theory advanced by plaintiff does not
exist. Plaintiff appealed.

The Court of Appeals *held:*

1. A complaint states a common-law cause of action in gross
negligence where the facts alleged are sufficient to constitute
both gross negligence and actual notice of the plaintiff's condi-
tion that would make the serving of alcohol wilful, wanton and
intentional and a reckless disregard of plaintiff's helpless condi-
tion.

2. A cause of action exists at common law for serving intoxi-
cating liquors to a known alcoholic; thus, plaintiff has pled
sufficient facts to state a cause of action for gross negligence
against the defendant. Summary disposition was improper.

Reversed and remanded.

1. INTOXICATING LIQUORS — DRAMSHOP ACT — ACTIONS.

An intoxicated person has no right of action under the dramshop
act against a bartender who sold him the liquor which caused
his intoxication (MCL 436.22; MSA 18.993).

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 566, 580.

Am Jur 2d, Negligence §§ 234-238.

Liability of persons furnishing intoxicating liquor for injury or
death of consumer, outside coverage of civil damage acts. 98
ALR3d 1230.

Common-law right of action for damage sustained by plaintiff in
consequence of sale or gift of intoxicating liquor or habit-forming
drug to another. 97 ALR3d 528.

2. INTOXICATING LIQUORS — ACTIONS — NEGLIGENCE — GROSS NEGLI-
    GENCE — DRAMSHOP ACT.

   A person who has been served liquor at a bar may maintain an
    action against the dramshop owner for personal injuries sus-
    tained where the facts alleged are sufficient to constitute both
    gross negligence and actual notice of plaintiff's condition that
    would make the serving of alcohol wilful, wanton and inten-
    tional and a reckless disregard for plaintiff's helpless condition;
    a complaint of this type fails to state a cause of action in gross
    negligence where it does not allege that the defendant knew
    the plaintiff was an alcoholic or was already intoxicated to the
    point of helplessness when the defendant served the plaintiff.

*Law Offices of Michael J. Brochert* (by *David S. Anderson*), for plaintiff.

*Andrew F. Valenti,* for defendant.

Before: GRIBBS, P.J., and HOOD and R. R. FERGUSON,* JJ.

PER CURIAM. Plaintiff appeals as of right from a circuit court order granting defendant's motion for summary disposition on the basis that plaintiff's complaint failed to state a cause of action upon which relief can be granted. MCR 2.116(C)(8). The suit arises out of injuries suffered by plaintiff in a 1982 single-vehicle automobile accident while she was allegedly driving home from defendant's lounge. Plaintiff's complaint alleged that defendant, a bar and restaurant where alcoholic beverages and intoxicating liquors are offered for sale for public consumption, had a duty at common law to plaintiff, a business invitee, to exercise reasonable care and diligence in maintaining a suitable and safe place of business and that defendant breached this duty resulting in the injuries to plaintiff. The trial court in granting summary disposition concluded that the common-law theory

---

* Circuit judge, sitting on the Court of Appeals by assignment.

advanced by plaintiff "did not and does not exist," that because plaintiff's injuries arose out of the alleged sale or furnishing of liquor the exclusive remedy is provided by the dramshop act, MCL 436.22; MSA 18.993, and that plaintiff, as an intoxicated person, does not have a right of recovery under the act.

The trial court is correct that, under the dramshop act, an intoxicated person has no right of action against a bartender who sold him the liquor which caused his intoxication. *Hasty v Broughton,* 133 Mich App 107, 110; 348 NW2d 299 (1984); *Gregory v Kurtis,* 108 Mich App 443, 446; 310 NW2d 415 (1981). However, as the trial court also recognized, and as will be discussed *infra,* there is currently a split of authority in this Court over whether a common-law cause of action exists for gross negligence or wilful and wanton misconduct in the sale of alcoholic beverages. Plaintiff's contention on appeal is that the dramshop act does not abrogate a cause of action against a bar or tavern owner for gross negligence.

Panels of this Court have come down on both sides of this issue. In *Grasser v Fleming,* 74 Mich App 338; 253 NW2d 757 (1977), the plaintiff brought a wrongful death action alleging gross negligence and wilful, wanton and intentional misconduct by defendant in serving alcoholic beverages to plaintiff's decedent. Plaintiff alleged that defendant owed a common-law duty to her father, the decedent, to refuse him drinks, since defendant had been advised by plaintiff that decedent was an alcoholic and defendant had agreed not to serve the decedent. Defendant's motion for summary judgment was denied. This Court recognized a common-law cause of action for serving a known alcoholic when the purchaser's free will was so

impaired that he could not possibly refrain from drinking liquor when it was placed in front of him.

In recognizing the common-law cause of action, the *Grasser* Court pointed to the Supreme Court's suggestion in *Manuel v Weitzman,* 386 Mich 157, 163; 191 NW2d 474 (1971), that the dramshop act is not exclusive since there exists a common-law cause of action for breach of the duty to maintain a safe place of business:

> The common-law duty of a liquor establishment to maintain a safe place of business for its customers is the same duty any business owes to those it invites upon its premises. The dramshop act was not intended to affect that duty. Dramshop acts were passed because under the common law it was not a tort to sell or furnish intoxicating liquor to an ordinary able-bodied man, even though as a result of his becoming intoxicated injury resulted to himself or to others. Their purpose was to fill a void in the law, not to remove the well-recognized duty of a tavern keeper to exercise due care for the welfare and safety of invited patrons.

The *Grasser* panel opined that it would be inequitable not to allow a consumer a remedy for the intentional, reckless or grossly negligent conduct of a tavern owner where the consumer was in such a helpless state as to have lost his free will.

Subsequently, however, in *Gregory v Kurtis, supra,* a majority of that panel suggested that the *Grasser* decision might be explained by the presence of an agreement not to serve liquor to plaintiff's decedent. The *Gregory* majority declined to recognize the common-law theory and concluded that the exclusive remedy in the dramshop act barred plaintiff's claim. *Gregory* presented facts similar to those in this case. Plaintiff was seriously injured in an automobile accident after leaving a

bar owned by defendant. Plaintiff alleged in his complaint that he was visibly intoxicated but defendant continued to serve him and that defendant knew or should have known that he was a compulsive alcoholic. The Court rejected plaintiff's claim that defendant's gross negligence resulted in the automobile accident.

Another panel of this Court also relied upon the agreement not to serve alcohol to the decedent in *Grasser* to distinguish the claim of gross negligence in *Lucido v Apollo Lanes & Bar,* 123 Mich App 267; 333 NW2d 246 (1983), lv den 417 Mich 1087 (1983). The plaintiff parent in *Lucido* sued when his minor son was injured in an automobile accident after he was served alcoholic beverages at defendants' establishments. The father alleged that defendants violated a penal statute by failing to make inquiry regarding the minor's age, engaged in gross, wilful, and wanton misconduct by encouraging the minor to drink to excess, failed to act in a reasonable manner, and failed to warn concerning the use of intoxicants by a minor. The *Lucido* panel affirmed the trial court's summary judgment of dismissal.

However, most recently, a panel of this Court followed *Grasser, supra,* and found that a common-law cause of action for gross negligence was pleaded in *Morris v Markley,* 143 Mich App 12; 371 NW2d 464 (1985), lv den 424 Mich 864 (1985). In *Morris,* plaintiff was an exotic dancer employed by defendant tavern owner. She alleged that defendant knew that she was an alcoholic and that her behavior became "wild and crazy" when she drank. Defendant allegedly provided her with drinks, which in turn helped defendant's business. After one such evening, plaintiff sustained serious injuries when she drove her car into a parked tractor-trailer.

The *Morris* panel acknowledged the split of authority, but found a common-law cause of action for gross negligence, saying:

> In the instant case we are discussing the limited circumstances of when a tavern owner has actual notice of the helpless state of plaintiff such that the sale of alcoholic beverages constitutes gross negligence or wilful, wanton and intentional misconduct. Technically this action arises from defendant's culpability and not the sale of the liquor. It is the reckless disregard of plaintiff's welfare after defendant has actual notice that creates this tort.
>
> \* \* \*
>
> We do not mean to allow all intoxicated persons the right to assert a claim against a tavern owner. We hold that, in those circumstances where facts are alleged sufficient to constitute *both* gross negligence and actual notice of plaintiff's condition that would make the serving of alcohol wilful, wanton and intentional and a reckless disregard of plaintiff's helpless condition, the claim should be allowed to have a full trial. This exception is a limited one. Here, as in *Grasser, supra,* the tavern owner had prior notice of plaintiff's helpless condition. [*Morris, supra,* pp 14-15.]

We agree with the *Morris* Court that where the facts alleged are sufficient to constitute both gross negligence[1] and actual notice of the plaintiff's condition, the complaint states a cause of action. We interpret the exclusivity of the dramshop act as a remedy to be confined to the rights of third parties to recover from the tavern owner. The instant case arises not from an intoxicated tortfeasor's injury to a third party, but from the intoxi-

---

[1] Gross negligence or wilful and wanton misconduct is distinguishable from ordinary negligence by an intent to harm or by an indifference of a defendant in the presence of the harm, which is tantamount to a willingness that the harm occur. *Dinger v DNR,* 147 Mich App 164, 175; 383 NW2d 606 (1985).

cated person's own injuries allegedly brought on by her own helpless addiction to alcohol coupled with defendant's alleged actual notice of this addiction. If proven, such reckless disregard of plaintiff's welfare could result in the factfinder holding defendant culpable for such wilful and wanton misconduct.

However, a complaint of this type fails to state a cause of action in gross negligence where the complaint does not allege that the defendant knew plaintiff was an alcoholic or was already intoxicated to the point of helplessness when the defendant served the plaintiff. Cf., *Plamondon v Matthews*, 148 Mich App 737, 743; 385 NW2d 273 (1985). The *Plamondon* Court determined that plaintiff failed to allege any facts that amounted to more than ordinary negligence. As the *Plamondon* Court reiterated, "It is well established that the exclusive remedy for ordinary negligence in supplying a person with alcoholic beverages is supplied by the dramshop act. *Plamondon, supra,* p 743.

By contrast, in the case at bar, plaintiff pled that during the two-year period prior to the date of her accident she patronized defendant's bar almost every day from 4:00 P.M. until closing at 2:30 A.M. "during which time the plaintiff was regularly served and habitually consumed not less than a total of two fifths of rum per day." Plaintiff further alleged that during the two-year period she would regularly arrive when the bar opened at 7:00 A.M. on Saturday and noon on Sunday and "habitually consumed excessive intoxicating liquors until she passed out from intoxication, after which she would be awakened by Defendant's agents, servants or employees in order to resume serving and selling her additional intoxicating liquors." Defendant's agents also "would regularly

furnish the Plaintiff with any and all alcoholic beverages and intoxicating liquors which were incorrectly and/or mistakenly mixed for other patrons." As to notice, plaintiff pled that defendant's agents "knew or should have known that Plaintiff was helplessly addicted to alcohol which deprived Plaintiff of her ability to exercise free will to refrain from the consumption of any intoxicating liquor."

Plaintiff asserts in her complaint that on the dates in question between the hours of 4:00 P.M. and 2:30 A.M. she consumed "two fifths of rum, ten shot glasses of peppermint schnapps and several shots of tequila, all of which were served, sold or furnished to plaintiff by the agents, servants and employees of Defendant." Plaintiff's complaint goes on:

> 17. As a direct and proximate result of Plaintiff's consumption of intoxicating liquors at Defendant's bar between the hours of 4:00 P.M. and 2:30 A.M. on September 24, 1982, and September 25, 1982, Plaintiff became visibly intoxicated rendering her completely unable to safely operate a motor vehicle, which Defendant knew or should have known, after which time Defendant sold the Plaintiff an additional two cases of beer prior to kicking her out at closing time to drive home with a blood alcohol content in excess of .3%.

> * * *

> 19. At all times during the Plaintiff's patronage of Defendant's bar up to and including September 25, 1982, the Defendant through the actions and omissions of its agents, servants and employees wilfully, wantonly, intentionally and wrecklessly [sic] encouraged the Plaintiff's consumption of intoxicating liquors through the sale, service and furnishing of intoxicating liquors to Plaintiff by Defendant's agents, servants and employees which conduct constitutes gross negligence.

20. The Defendant, through the aforesaid grossly negligent conduct of its agents, servants, and employees breached its duties to the Plaintiff by wilfully, wantonly, intentionally and wrecklessly [sic] selling, serving and furnishing intoxicating liquors to the Plaintiff, who Defendant knew or should have known was a compulsive, habitual alcoholic who Defendant encouraged to consume excessive intoxicating liquors while on Defendant's premises, notwithstanding Plaintiff's inability to refrain from the consumption of intoxicating liquors sold, served or furnished to her by the Defendant.

In a motion for summary disposition based on MCR 2.116(C)(8), the factual allegations are taken as true. *Rathbun v Starr Commonwealth,* 145 Mich App 303, 307-308; 377 NW2d 872 (1985). *Partrich v Muscat,* 84 Mich App 724, 729-730; 270 NW2d 506 (1978). Accepting the factual allegations in the instant complaint as true,[2] and agreeing with the *Morris, supra,* and *Grasser, supra,* panels that a cause of action exists at common law for serving intoxicating liquors to a known alcoholic, we conclude that plaintiff has pled sufficient facts to state a cause of action for gross negligence against the defendant, and that summary disposition under MCR 2.116(C)(8) was improper. The Michigan Supreme Court has indicated that, even in doubtful cases, questions of the existence of gross negligence and wilful or wanton misconduct are for the jury, not the judge, to decide. *Burnett v City of Adrian,* 414 Mich 448, 478; 326 NW2d 810 (1982) (MOODY, J., concurring), citing *Tien v Barkel,* 351 Mich 276; 88 NW2d 552 (1958).

The pleadings show that by continuing to serve

---

[2] We express no opinion as to whether plaintiff may subsequently be subject to a motion under MCR 2.116(C)(10) and remind attorneys and judges of the existence of MCR 2.114 which provides for sanctions where pleadings are not well-grounded in fact.

her, defendant was indifferent to the probability of harm to plaintiff because defendant knew or should have known that she was an alcoholic and visibly intoxicated. As pleaded, defendant's actions are tantamount to a willingness that the harm occur. Under these facts and circumstances, we must reverse the order of summary disposition and remand for trial.

Reversed and remanded.