[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES
This case involves a suit against a care and its permittee under the Dram Shop Act, Sec. 30-102 C.G.S.A. The plaintiff has filed a motion to strike against special defenses pled by the defendants.
The first special defense claims that if the driver of the CT Page 10509 car was intoxicated at the time of the accident then the plaintiff contributed to it by supplying liquor to him and "participated in, facilitated and encouraged said intoxication" of the driver. The third special defense which perhaps should have been but was not tested by a request to revise raises a similar "participation" claim by stating the plaintiff "aided" the driver in operating his car "when he knew or should have known of his intoxication."
The second special defense states that if the driver was intoxicated then the plaintiff "without due regard for his own personal safety and welfare, willingly rode as a passenger" in the car when he knew or should have known the driver was intoxicated.
1.
The court will treat the motion to strike as it applies to the First and Third Special Defenses together since they raise a similar claim — the so-called participation defense. There is a split of authority in Connecticut as to whether participation is a defense under the Dram Shop Act. What appears to be the majority view permits such a defense or at least believes that it should not be barred by a motion to strike, Dimmock v. SouthPeking Restaurant, 5 Conn. L Rptr 241 (1991), Archambault v.Pascual, 3 Conn. L Rptr 36 (1990), Gelosa et al. v. Sagan et al.,5 CSCR 134 (1990), Dichello v. The Dean's Office, 4 CSCR 597
(1988), Hoffman v. Reed, 3 CSCR 172 (1988), Chaco v. Darst,1 CSCR 122 (1980), Cookindsham v. Sullivan, 23 Conn. Sup. 193
(1962). Cases taking the contrary view are Jacocks v. Monahan'sShamrock et al., CV92 0330268 (N.H.J.D., 10/13/93), Penn v.Laboy, 2 Conn. L Rptr 165 (1990), Davilla v. Casper, CV91-0286349 (Bpt 1970), Lepore v. Lavigne, WL 2 6791 (Hfd J.D., 2/6/92),Passini v. Decker, 39 Conn. Sup. 20 (1983).
The question of whether participation is a defense in this type of action is treated in 26 ALR3d 112, "Civil Damage Act — Drinking Companions", also see 45 Am.Jur.2d 469 "Intoxicating Liquors", see esp § 591 at page 882. An important distinction must be kept in mind when reviewing the cases cited in these general authorities which this court believes has a bearing on the issue now before the court. "Participation" is used in two senses — on the one hand it means merely that the plaintiff was with the intoxicated driver and both were served alcohol by the defendant bar or care and drank together, on the other hand you CT Page 10510 can have a situation where the plaintiff not only drinks with the driver but encourages the driver to drink, perhaps buys alcohol for the driver, presses the driver to go on drinking even when the plaintiff knew or should have known that the driver was intoxicated. The distinction is noted in a New York Court of Appeals case, Mitchell v. Shoals Inc., 280 N.Y.S.2d 113 (1967). The latter type of active encouragement is what is being alleged in this case. The Am.Jur.2d talks of this type of situation as one where the plaintiff "has participated in bringing about the intoxication . . . . This does not state a rule of contributory negligence but a rule of complicity", id, § 591 at page 882. There would seem to be more merit in barring a special defense which merely alleges the plaintiff participated in the drinking as opposed to a defense based on the "complicity" of the plaintiff as above defined in bringing about the intoxication. Oddly enough the ALR article states that the majority view among the states is that even a plaintiff who merely joins the intoxicated driver in drinking is barred from recovery.
The cases from Passini on through Davilla not permitting the so-called participation special defense to a Dram Shop action make two basic arguments. First, they say the language of the statute is clear, the legislature wanted to impose strict liability on the dispenser of alcohol, the legislature did not explicitly provide that any prospective plaintiff be an "innocent victim", and courts have no right to read such a provision into the statute. Secondly, they say that the legislative purpose would be thwarted by such a position because the legislature "has placed the onus on the vendor for selling alcohol to intoxicated persons not on any participant in the consumption of the alcohol,Passini id at page 25. See generally Jipson v. Gabano et al.,2 CSCR 285 (1987).
Whether or not these arguments are right or wrong they seem to be conclusory. Admittedly the language in Nolan v. Morelli,154 Conn. 432, 440 (1967) stating that the act meant to limit recovery to "innocent third party victims" is dicta and cannot be used to support the participation defense. Also the Passini case makes a good point which is noted in the well reasoned case ofJipson v. Gabano et al., supra, when it says at 39 Conn. Sup. 25
 "the participant would not be able to `participate' in the consumption of alcohol with the intoxicated person without the vendor selling him or her the alcohol being consumed." CT Page 10511
That would be a powerful argument where the "participant" merely drank along with the intoxicated person but is not so powerful when the participant actively encouraged or participated along with the vendor in bringing about the condition of intoxication. The primary purpose of the act was to try to punish people whose actions contribute to the carnage on our highways. To paraphrase language in Nolan which speculated on why the act didn't provide a cause of action to the intoxicated party — to allow a cause of action to a party who actually aided and brought about the condition of intoxication (along with the vendor) would in effect encourage rather than discourage such overindulgence and the type of aiding and abetting activity that contributes to the presence of intoxicated drivers on our roads. Given the purposes of these dram shop acts courts from other jurisdictions with statutory language similar to our own have had no hesitation in holding that recovery is limited to innocent third parties and that a participant who is an active agent in bringing about the intoxication should not be allowed to profit from his or her own wrongful acts, Plamondon v. Matthews, 385 N.W.2d 273, 275 (Mich., 1985), Lewis v. Champaign County VFW Post 5520, 543 N.E.2d 233, 235
(1989). Thus in Turk v. Long Branch Saloon Inc., 159 N.W.2d 903,906 (Minn. 1968) the court referred to the Minnesota statute which reads:
 "Every husband, wife, child, parent, employer, or other person who is injured in person or property or means of support by any intoxicated person or by the intoxication of any person, has a right of action in his [sic] own name against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person for all damages sustained."
This statute is more limited than ours but it too within the sphere in which it operates does not specifically deny recovery to one injured by another's intoxication when the injured party actively and knowingly participated in the illegal sale, bartering or gift of the alcohol. The court went on to say
 "we conclude that the protection to the public afforded by § 340-95 was not intended by the legislature to be extended to persons who participate knowingly and affirmatively in the illegal sale, bartering, or gift of the CT Page 10512 intoxicating liquor. To hold otherwise, we believe, would be to permit one who has been an intentional accessory to the illegality to shift the loss resulting from it to a person no more responsible for the damage than he himself has been. So considered, the case is different from that of the party who suffers loss at the hands of a person with whose intoxication he had no involvement and where we say in effect that Minnesota's policy against supplying liquor illegally is so strong that recovery will be allowed, even though the damaged person, in respects unrelated to the intoxication, may have failed to exercise reasonable care for his own safety. The person asserting the right of action in such a situation has had nothing to do with the illegal furnishing of the liquor. In contrast, a person who buys drinks for an obviously intoxicated person, or one whom he knows to be a minor, is at least as much the cause of the resulting or continued intoxication as the bartender who served the consumer illegally. Finally, having declared that the person who becomes intoxicated as a result of illegal sale, barter, or gift cannot recover, how can we reasonably attribute to the legislature an intent to allow recovery to the participating accessory who, in some cases at least, may be as much or more responsible for the violation of the liquor laws than the one who consumes the intoxicant?"
I believe a participation defense is permitted under our Dram Shop Act but a person advancing such a participation defense would have a heavy burden in showing that the participation alleged rose to the level of complicity and in effect contributed substantially to causing the intoxication, see Lewis v. ChampaignCounty VFW Post 5520, 540 N.E.2d at page 235; "merely accompanying and drinking with an intoxicated person does not bar recovery by a plaintiff. Rather, the plaintiff is barred from recovery only if he or she was an active participant in causing the intoxication," Plainonton v. Matthews, 385 N.W.2d at page 275.
Therefore, under our statute there is a participation defense in a dram shop action but its adequacy cannot be tested by a CT Page 10513 motion to strike given the appropriate allegations. The motion to strike the First and Third Special Defenses are denied.
2.
The plaintiff also seeks to strike the second special defense which the defendant claims sets forth an assumption of risk defense.
Cases disallowing this defense argue primarily that the dram shop act nowhere explicitly provides for a participation or assumption of risk defense thus rejecting the view that the act was only meant to protect innocent third parties, Jacocks v.Monahan's Shamrock et al., supra, Penn v. LaBoy, supra, cfDavilla v. Casper et al., supra. In the previous section I discussed and disagreed with that view. It is further argued that "assumption of risk" was specifically abolished in Section52-572h of the general statutes.
All of these arguments are effectively dealt with in Illin v.Facondini et al., 5 Conn. L Rptr 478 (1992). As noted in Illin
the defendant is not technically pleading assumption of risk but comparative negligence. The Illin court goes on to refer toWandland v. Ridgefield Construction Services, 190 Conn. 791 which discusses the relationship of the special defense of assumption of risk and comparative negligence. The court referring to "Connecticut Comparative Negligence Statute: An Analysis of Some Problems", James 6 Conn. L Rev 207, 313 (1974) quotes from it, "When a plaintiff's conduct in assuming a risk is unreasonable, then the (assumption of risk) doctrine overlaps contributory negligence and the principle of comparative negligence embodied in the statute should apply." The court earlier noted that in lieu of harsh common law doctrines like assumption of risk and last clear chance the Section 52-572h sets forth a comparative negligence as a single standard. The court then said:
 "In determining the relative negligence of each party, however, the factors relevant to the assumption of risk doctrine may be considered by the trier. As long as the jury is properly instructed concerning the doctrine of comparative negligence, General Statutes Section 52-572h(b), elements involving the failure of the plaintiff to comprehend a risk may be specially pleaded and weighed by the trier in determining CT Page 10514 the propriety and totality of the plaintiffs conduct in relation to that of the defendant."
Since this court has held in its previous discussion that nothing in the dram shop act itself prevents "assumption of risk" concerns from being taken into account the motion to strike the second special defense is also denied.
Corradino, J.